Ricker v. Widow and Heirs of Pearson.

No. 3256.

SAMUEL RICKER *v.* WIDOW AND HEIRS OF JOHN H. PEARSON, and
SAMUEL RICKER *v.* ANNIE C. DIGGS, now ROSS.

This suit is instituted by the plaintiff against the purchasers at sheriff's sales, he claiming that the property was community property and belonged equally to his father and mother; that when his mother died the community was dissolved; that his mother's share descended to him; that his title thereto has never been divested; and that he should now be quieted therein.

The property was sold to pay community debts. Therefore the plaintiff's claim must be rejected.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *Miles Taylor, James Brewer, Leovy, Monroe & Hart,* for plaintiff and appellee. *Hornor & Benedict, Hays & New,* for defendants and appellants.

MORGAN, J. The mother of plaintiff was married to Samuel Ricker, his father, in September, 1840. Plaintiff was born on tenth November, 1847. His mother died on the eighteenth of the same month. He was the only issue of their marriage. His mother's succession does not appear to have been opened.

On the seventeenth and eighteenth March, 1846, plaintiff's father purchased a large quantity of land from Josephine Beale and James William Beale, and on the sixth May, 1846, his mother purchased land from Octavine Beale. All this land lies in the parish of Jefferson.

No marriage contract existed between the plaintiff's father and mother. A community of acquets existed between them. The property above mentioned having been acquired during their marriage entered into the community. The debts contracted during the marriage were community debts.

In January, 1847, plaintiff's mother brought suit against her husband for separation of property. He alleges that this judgment was inoperative and null for various reasons. We do not think it necessary to decide this issue. We, however, concede it.

On the second of September, 1846, during the marriage, after the property now in question had been acquired, and before the suit for separation of property had been instituted, Pearson & Co. instituted suit against Ricker & Pearson for $35,000, and on the tenth June, 1847, judgment by confession was rendered against them *in solido* for $32,152 92, with a stay of execution till the first December, 1847. The Ricker, of Ricker & Pearson, was plaintiff's father.

In 1852 and in 1854 executions issued on this judgment, and the property bought by the plaintiff's father and mother was sold by the sheriff. This suit is instituted by the plaintiff against the purchasers at these sheriff's sales, he claiming that the property was community property and belonged equally to his father and mother; that when his

mother died the community was dissolved; that his mother's share descended to him; that his title thereto has never been divested, and that he should now be quieted therein.

. Under the authority of Brown v. Jacobs, 24 An. 530; Sadler v. Kimbrough 24 An. 534; Rusk v. Warren, Crawford & Co. 25 An. 314, and Phelan v. Ax, ib. 379, the plaintiff's claims must be rejected.

It is therefore ordered, adjudged and decreed that the judgment of the district court in these two cases be avoided, annulled and set aside, and that in both cases there be judgment in favor of the defendants, with costs in both courts.