## No. 9347.

### THOMAS M. KILLELEA ET AL. VS. LAWRENCE F. BARRETT ET AL.

The heirs of the wife, upon her death, become joint owners with the surviving husband of the community property; but it is not necessary that such heirs or the succession of their mother should be made parties to a proceeding to foreclose a mortgage upon the property contracted during the existence of the community.

They cannot, however, be divested of their title to one half of community lands by a sale of the same under executory process instituted after the death of their parents and directed against them as minor heirs of their father to pay a community debt, where they were represented in the proceedings by a *tutor ad hoc* who never qualified by taking the prescribed oath. Where what seems to be the entire record of the executory proceeding is in the transcript of appeal and no oath of the *tutor ad hoc* appears therein, the case will be remanded to enable the party interested to supply the required proof, if it exists.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

*James D. Coleman* for Plaintiffs and Appellees:

1. Upon the death of the wife, the husband's authority as head and master of the community is at an end. C. C. 2506; 15 Ann. 636; 23 Ann. 638; 29 Ann. 663; 32 Ann. 849; 33 Ann. 584. Upon the dissolution of the community by death, one-half of the community property vests in the heirs and the other half in the surviving spouse, subject to the payment of the community debts. Ib.

2. The dissolution of the community operates a complete vestiture of title of one-half the community property in the forced heirs of the deceased spouse, and the surviving husband has no power or authority to alienate, encumber or affect the interest of the heirs. 15 Ann. 636; 23 Ann. 638; 29 Ann. 663; 33 Ann. 584.

3. The dissolution of the community by the death of the wife is as effectual as a judicial dissolution during her life. 33 Ann. 585, and authorities cited.

4. A community obligation is a debt or real charge upon the undivided half interest of the heirs in the community property, and like all debts is extinguished by prescription. C. C 3457, 3459, 3528.

5. To acknowledge a right upon real estate, or to renounce or waive a prescription as to a real right, involves the power to alienate. C. C. 3462.

55

6. The prescription which operates a release of a debt has also the effect of releasing the owner of an estate from every species of real right to which the property may have been subject, if the person in possession of the right has not exercised it during the time required by law. C. C. 3529.

7. Plaintiffs have the undoubted right to institute this suit. 32 Ann. 849; 33 Ann. 769; 29 Ann. 665; 7 R. R. 183.

8. A tutor *ad hoc* must take an oath before he can legally represent a minor. C. C. 313.

9. Where the probate court issues an order of sale of succession property, until said order is set aside in the manner pointed out by law it has full force and effect, and no other court has power, jurisdiction or authority to seize the property pending the seizure by the probate court. 15 Ann. 636; 31 Ann. 52; 32 Ann. 249.

10. Where the law requires a tutor to be sworn, until he takes the oath prescribed by law his acts on behalf of the minors are nullities; and before the rights of minors can be legally divested, it must be shown that the tutor claiming to represent them has taken the required oath. C. C. 313; 11 R. R. 503; 12 R. R. 636; 3 Ann. 562; 6 L. R. 355; 7 L. R. 543.

11. Heirs have ten years after majority to revendicate property illegally sold. Rents and revenues follow the real estate by right of accession, and partake of its nature. C. C. 499; 33 Ann. 769, 1178; 3 L. 549; 14 Ann. 169.

12. Heirs need not tender price before suing to recover their interest in property of which they have been illegally dispossessed. 33 Ann. 769.

13. The liability of heirs to reimburse a *bona fide* purchaser only extends to that which is shown to have been expended for their account or inured to their benefit. Where it does not appear that the purchase price was received by or benefited the heirs, there can be no tender required, nor can a recovery be had. 33 Ann. 769.

*Geo. L. Bright* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. This is a petitory action, in which plaintiffs claim the ownership of an undivided half of certain city property, as heirs of their deceased mother, who was common in property with her husband, their father. They claim, also, rents and revenues.

The main defense of Barrett, in possession of the property, is that he acquired the same by a judicial sale made under a proceeding to enforce payment of a mortgage debt contracted by the father of plaintiffs during the existence of the community between him and the mother of plaintiffs.

There was judgment in favor of three of the plaintiffs, recognizing them as owners of three-fourths of one-half of the property described and referring the matter of rents and revenues to a notary for adjustment. The claim of one of the plaintiffs (Mrs. Shaff) was rejected, and she has not appealed. During the pendency of the proceedings in the lower court, Barrett died, and his legal representatives were made parties, who have appealed from the judgment.

The appellees became the owners of the property, or of the interest therein as claimed, by inheritance from their mother, who died in 1862.

This portion, however, descended to them burdened with its share of the community debts. The entire property was sold to pay a mortgage debt contracted during the existence of the community, on the 22d of July, 1871. This sale took place after the death of plaintiffs' father, Thomas Killelea, and was by executory process directed against his succession, purporting to be represented by his legal heirs, who were all then minors, except Mrs. Schaff.

The appellees having become the owners of their said interest in said property, and many years before the proceeding for its sale was instituted by Barrett, their right thereto could only be divested by a strict compliance with all the requirements of the law relating to judicial sales.

It must be borne in mind that plaintiffs, at the time their said interest was acquired and at the time it purports to have been divested, were minors. And it is a rule to which there is no exception that the property of minors cannot be alienated unless after a rigid observance of the legal formalities prescribed therefor.

The plaintiffs assail the title of the defendant—the sheriff's sale, under which he claims on several grounds. Among others are these:

1st. That the proceeding was directed solely against their father's succession and not against their mother's or them as her heirs.

We do not think this was necessary. As before stated, the debt was a community debt, to enforce which the proceeding was instituted. The sole debtor was Killelea, the husband, and the community property was subject to the debt, and it was sufficient to make the debtor if alive, or his legal representatives if dead, parties to a proceeding to coerce its payment. This is settled by the later authorities which we follow. 26 Ann. 230.

2d. It is also charged that the debt was extinguished by prescription when the sale took place, and the mortgage securing it had thereby ceased to exist.

The debt was contracted in 1859, but had been frequently acknowledged by Killelea, who besides, had paid the interest on the same regularly, and the mortgage had been seasonably reinscribed; and we think even were the debt prescribed, its prescription asserted for the first time after the sale could not affect the validity of the sale or its consequences. 23 Ann. 300; 20 Ann. 201.

3d. It is lastly urged that three of the plaintiffs—appellees herein— were not parties to the executory proceeding in any capacity whatever, and were not legally represented therein; that the *tutor ad hoc*, who

purports to have been appointed to them, never qualified by taking the oath prescribed by law.

This presents a very serious question. In order to divest their title to the property, it was necessary that the proceeding should have been conducted contradictorily with some one—either with the minors or with the succession of the debtor. The succession of Killelea was not represented by an administrator; hence the question is whether the minors were represented, or through them the succession. We find in the petition for the executory process it is stated that the three plaintiffs (appellees) were minors unprovided with a tutor, and it was asked that a *tutor ad hoc* be appointed to them. There is an order of the judge making the appointment, but it nowhere appears in the record of that proceeding—which would seem to have been transcribed in its entirety in the transcript—that the appointee ever took the oath prescribed by Art. 313 C. C., that he ever accepted the appointment, or did a single act under it. His qualification was essential to his authority to represent the minors.

The dictum in the case of Sadler vs. Henderson, referred to, is not opposed to this. That referred to a curator *ad hoc* appointed under Art. 116 C. P. Such appointee is not required to take an oath. But where a party applies for the appointment of a tutor *ad hoc*, for the reason doubtless that the minor can only or best be represented in the proceeding by a tutor, such tutor, like all other tutors, must take the oath required.

The counsel for the defendant invokes the legal presumption in favor of judicial sales as obviating the necessity of express or direct proof on this point. As stated before, where the property of a minor purports to be alienated under legal process, it devolves upon him who sets up such opposing title to show affirmatively a full compliance with the requirements of the law. And such title is open to all objections of fact and law, without the same being specially pleaded.

Inasmuch, however, as this and other grounds of nullity against this sale were not pleaded in the court below and the defendant put on his guard thereby, but urged only in argument before this Court so far as the record discloses; and as it is possible that the oath of the tutor may have been taken and filed, but unintentionally or accidentally omitted from the transcript, we think the defendant should not be concluded by the omission, but the case be remanded to enable him to supply the proof required, if it exists.

The presription of five and ten years pleaded cannot prevail. The first protects only against informalities in judicial sales and irregular-

ities in the proceedings, connected therewith. Here the defect charged is of so radical a nature as to render the sale an absolute nullity. As to that of ten years, it is not shown that ten years intervened between the majority of the plaintiff and the institution of this suit. The prescription pleaded against the right to recover the rents and revenues is equally unavailing. This was settled in suit of Walling's Heirs vs. Manfield, 33 Ann. 1174.

The plea of want of tender of the price is likewise without merit, for two reasons: one, that the defendant as the mortgage creditor provoking the sale, was himself the purchaser, and retained in his own hands the entire price. 24 Ann. 473; 3 Ann. 343.

The other, that where the purchaser is in bad faith—as he would be in case the sale was an absolute nullity, and such nullity is here urged—no previous tender is necessary. Self vs. Taylor, 33 Ann. 769; Wood vs. Nichols, Ib. 744, 746; 24 Ann. 253; 31 Ann. 371.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be annulled, avoided and reversed, and that the case be remanded to the lower court to be proceeded with according to law, the appellees to pay the costs of appeal; and those of the lower court to abide the final issue of the case.

### DISSENTING OPINION.

MANNING, J. I dissent. There is but one question in this case that need be examined, viz whether the succession of Mr. Killilea was represented in the executory proceedings. I understand it is now settled that in foreclosing a mortgage upon community property given by the husband, it is not necessary to make the wife's heirs or representatives parties if she has died after the mortgage and before its foreclosure. In my opinion the wife's heirs have no interest in the property until the debts are paid. These children are necessary parties only because the succession of their father has no administrator, and they are called in to represent his succession, and therefore the rules concerning the forced alienation of minors property are not involved.

The whole case turns in the opinion of the court on the non-production of the tutor's oath. I think in such case the presumption should be that the tutor did his legal duty, and at any rate it is one of those omissions to which the prescription of five years is applicable. It will be brittle thread for titles to hang on if the production of a loose slip of paper containing an oath is to determine whether the title be good or bad.

I think the defendant should have judgment.

## ON APPLICATION FOR REHEARING.

TODD, J. Both parties have applied for a rehearing. We have attentively considered both applications, and have not changed our minds as to the correctness of our previous decree.

The point in those motions deserving the most serious consideration is that touching the prescription of five years in the defendant's application.

It is earnestly urged that the omission of the *tutor ad hoc*, appointed to represent a minor party to an executory proceeding, to take the prescribed oath, is an informality connected with or growing out of a public sale, which is fully covered by the prescription mentioned; and we are cited to the cases of Fraser vs. Zylice, 29 Ann. 534; Ruth vs. Citizens Bank, 28 Ann. 570; Mulholland vs. Scott, 33 Ann. 1043; Holt vs. Hart and Hebert, Ib. 673. We have carefully examined these decisions and they do not sustain the counsel's proposition. It will be seen that the informalities there treated of, refer exexclusively to those occurring after judgment, and connected with and relating to proceedings pertaining to the execution of the judgment; as for instance the sale of minors property for less than its appraisement, want of notice of seizure, notice of judgment rendered by the defendant, and waiver of notice of seizure and sale.

Now, in our opinion, a failure to give notice to a minor defendant in an executory proceeding, or his legal representative, is not an informality connected with or growing out of a public sale, but is something that is absolutely essential to the legal .effect of the order of seizure and sale itself. 6 R. 192; 9 R. 8; 14 Ann. 105.

This notice is equivalent to a citation in ordinary proceedings, and just as indispensable. Can it be pretended that a failure to cite a party in the latter proceeding would, in any way, relate to the sale of property under the judgment rendered in such proceeding? Rather such failure would relate to the judgment and make it absolutely null. So in executory process a writ of seizure and sale issued without previous notice to the debtor, would be alike void.

The rehearing asked for is refused.

Manning, J. A rehearing should be granted.