### No. 9540.

### Succession of Mrs. Laura E. Bright.

A judicial sale made without an order of court, or in contravention of the terms of such an order where one exists, is an absolute nullity, and no resort to a direct order is necessary to have it declared.

And even where the nullity is relative only, if asserted by reconventional demand in the answer. and all the parties in interest with respect to the sale are before the court, such nullity may be determined and decreed.

A judgment or judicial order must be construed in connection with the averments and prayer of the petition therefor. And where the averments of a petition presented by the surviving partner of a community administering the succession of the deceased spouse, are to the effect that a sale of the community property is essential to pay the community debts, and the prayer of the petition is in conformity therewith, the order of sale rendered on such petition will be construed to require the sale of an immovable belonging to the community in its entirety and to confer no authority to sell only the undivided interest of the deceased therein; and a sale of such interest would be null.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

---

*H. L. Edwards* and *Geo. L. Bright* for the Tutor, Appellant.

*E. T. Merrick, Sr., A. H. Wilson* and *E. T. Merrick, Jr.*, contra.

---

The opinion of the Court was delivered by

Todd, J. Louis J. Bright, as natural tutor of his minor children, issue of his marriage with Laura E. Merrick, his deceased wife, filed an account of his administration of the succession of said deceased, and in liquidation of the community that existed between them resulting from their marriage.

The account was opposed by the under tutor of the minors, and judgment was rendered sustaining the opposition in part; from which the tutor and accountant has appealed.

1. The sole complaint of the appellant before this Court relates to that part of the judgment appealed from, declaring the nullity of the sale of the community property, and rejecting the item representing the price at which it was adjudicated from the account.

This sale was made upon the application of the tutor. In this application he represented that, to pay the debts of the community, it was necessary to sell all the movable and immovable property belonging thereto, and described in the inventory, and the prayer of his petition was that the under tutor show cause why all the property movable and immovable of the community should not be sold.

The order of sale granted on this petition was to the effect "that the movable and immovable property belonging to the succession of Laura E. Bright, be sold at public auction."

Under this order the tutor caused to be sold one undivided half of certain community property—consisting of a lot and buildings in this city—described in the inventory of the succession, and appraised therein for $5000, which he purchased himself for $1670. With this sum he credited the community in his account.

The opponent objected to this sale and asked that its nullity be declared on the ground that the sale of the undivided half of this property was illegal, and unwarranted by the order under which it purports to have been made.

This order must be determined as to its scope and effect in connection with the petition to obtain the sale and the prayer thereof; and when we consider that the petition alleged that a sale of the community property was necessary to pay the community debts and the prayer was for the sale of the community property, and that this property was placed on the inventory of the succession, the conclusion is irresistible that the true purport and meaning of the order was to direct and require that this property be sold in its entirety.

The sale was for the purpose of paying the debts of the community, and there is no authority for selling either the separate property of the deceased or her separate interest in the common property for that purpose. Besides it is manifest that a sale of an undivided interest in such property as the property in question could only result in its sacrifice.

Moreover the tutor by asking that the entire property be sold for the purpose stated in his petition, gave his consent to the sale not only

of the undivided interest of his deceased wife therein, but of his own half thereof; and in effecting the sale, he was entirely without warrant to depart from the plain intent and meaning of the order, as construed by his own acts and averments and the prayer of his petition. The sale, therefore, of the undivided interest was in contravention of the order and rendered the sale. a nullity.

2. But it is contended by the counsel for the tutor, that this nullity could not be propounded in an opposition to the account, and could only be asserted in a direct action. If, as we have stated above, there was no order or judgment that justified the sale, then the nullity was absolute, and such nullity could be declared, though pleaded in an answer or an opposition and without resorting to a direct action.

Moreover the opposition in question, by its very terms, was an answer and a reconventional demand; and as the purchase had been made by the accountant himself, and all the parties in interest were before the court, the nullity, even if not absolute, could have been properly declared under the demand in reconvention, and the special prayer therefor contained in the opposition.

3. Finally, it is urged with much earnestness that the record shows that the succession of Mrs. Bright is wholly insolvent, and the community is greatly indebted, and that the minor heirs of the deceased are without interest in this opposition, and that, even if the property in question were sold again and brought its full appraisement, they would not be in the least benefited thereby, since it would not pay the community debts.

This may be so, but if so, it does not authorize this Court to decline considering the legal questions presented by the record.

There was no motion to dismiss the opposition for want of interest in the opponents; no objection to evidence in support of the opposition. Moreover, the proceedings for a liquidation of the community, and for the sale of its property and the settlement of the tutor's account were conducted contradictorily with the minors through their under tutor and were predicated on the existence of an interest in them in the succession and the property, the subject, the order and the sale, and were inaugurated by the tutor, and therefore we are compelled to determine the legal questions that have arisen in these proceedings, however this determination may affect the parties, or whether it affects them at all, and however much we may deplore useless and fruitless litigation, such as this is charged to be.

4. There is a motion made on the part of the appellee to amend the judgment, which we have attentively considered.

In the condition of the account as affected by the judgment, and in the absence therefrom of one of the most important items, representing the immovable property or the proceeds of its sale, it would be impracticable to make a complete or satisfactory adjustment of the accounts, and besides not being satisfied that the evidence in the record warrants the amendments or any of them asked for, we have deemed it best not to disturb the judgment appealed from, which, considering some of the reasons assigned for its rendition by the judge *a quo*, evidently contemplates another account after the sale of the property ordered thereby has been effected.

Judgment affirmed.

Rehearing refused.