## No. 191.

JOHN G. ORIOL, TUTOR, ET AL. VS. E. B. HERNDON, ET AL.

| 38 | 759 |
|----|-----|
| 114 | 389 |
| 38 | 759 |
| 124 | 662 |

1. When a community is unliquidated and owes debts, the administration of the estate of the husband involves that of the community, and the community property may be validly sold by the administrator of the husband's succession for the payment of community debts.

2. In case of sale by an administrator to pay debts, rules applicable to alienation of minor's property do not apply, and citation to heirs is unnecessary.

APPEAL from the First District Court, Parish of Caddo. *Taylor*, J.

*R. J. Looney* and *J. H. Shepherd*, for Plaintiffs and Appellants.

*Alexander & Blanchard*, for Defendants and Appellees :

The opinion of the Court was delivered by

FENNER, J. Salvator and Ellen Justi were husband and wife, living under the *regime* of the community.

The wife died in 1872, and the husband about one year later.

The wife's succession was never opened, nor was any tutor to the minor children ever qualified until very recently.

The husband's succession was opened, and the real estate involved in this suit, which stood in his name, but was community property, was inventoried in his succession, and constituted the sole asset appearing on said inventory.

The administrator filed a tableau of debts, amongst which appeared taxes and debts arising during the existence of the community, and due by it; represented that he had no means to pay the debts; that a sale of the property was necessary in order to pay the same; and obtained an order of sale accordingly. After due proceedings, the sale was made and the property adjudicated to defendant herein, who has since held the same as owner.

The plaintiffs, as heirs of Salvator and Ellen Justi, bring this suit to recover the property on the ground of nullity of the above proceedings and sale.

The grounds of nullity urged, are:

1st.   That the wife's interest in community property cannot be sold under proceedings had in the succession of the husband.

Where the community is unliquidated and owes debts, the contrary has been held too often to require more than a citation of authorities. Durham vs. Williams, 32 Ann. 162; Succession Cason, Id. 792; Succession Boyer, 36 Ann. 515; Killilea vs. Barrett, 37 Ann. 865; Succession Bright, 38 Ann. 141; Succession McLean, 12 Ann. 222.

2d.   That the heirs were not cited or made parties.

In case of a sale by an administrator to pay debts, it has been frequently held that the rules applicable to the alienation of minor's property do not apply, and that citation to the heirs is unnecessary. Carter vs. McManus, 15 Ann. 676; Id. 15 Ann. 641; Vincent vs. D'Aubique, 19 Ann. 528; Davidson vs. Davidson, 28 Ann. 269. The cases in 9 La. 580, and 1 Rob. 381. cited by plaintiffs, do not apply.

Judgment affirmed.