HON. LYNN B. WATKINS,
* HON. SAMUEL D. MCENERY,
HON. JOSEPH A. BREAUX, } *Associate Justices.*
HON. HENRY C. MILLER,
HON. NEWTON C. BLANCHARD.

---

### No. 12,283.

METROPOLITAN BANK VS. NEW ORLEANS BREWING ASSOCIATION.

If several breweries are in in the hands of a receiver, and the amount of business of each brewery is estimated, and upon the aggregate the license tax demanded by the State is paid to the tax collector, where the general business of the receiver is conducted, this is a sufficient payment, and the tax collector can not after such payment sue for the tax due by each brewery. It was paid with the aggregate estimate upon which the ·amount for the license tax was estimated.

APPEAL from the Civil District Court for the Parish of Orleans, Monroe, J.

---

*E. H. McCaleb, Jr.,* for State of Louisiana, Appellant.

---

* Hon. Samuel D. McEnery, Associate Justice, resigned March 1, 1897.

*Dinkelspiel & Hart* and *Buck, Walsh & Buck* for Receiver, Appellee.

---

Submitted on briefs November 16, 1896.
Opinion handed down November 30, 1896.
Rehearing refused January 4, 1897.

---

The opinion of the court was delivered by

McENERY, J.   In the above entitled case the defendant corporation, which had been placed in the hands of a receiver, filed through said receiver an account.   The State Tax Collectors for the First, Second, Third and Fourth Districts, filed oppositions to the account, alleging that the State of Louisiana had a privilege, outranking all others, for licenses due by said association for conducting business in the several districts in which breweries were located.

On motion, presumably by consent of all parties, the oppositions were transformed into rules and consolidated, and there was one answer and one judgment.

The Tax Collectors urge that a license tax should be collected from each brewery, and the receiver claims that the payment of the license tax on the business done by all the breweries, at one place where the general business is conducted, was a compliance with the law.

The evidence shows that the gross business done by the association, in all the breweries, was, for the year 1896, six hundred and eighty-one thousand eight hundred and fifteen dollars.   This is the aggregate receipts of all the breweries.   One of the breweries to which the receipts of the business done by the others were delivered, was located in the First District.

The Tax Collector of this district was paid the license which the State demands for the amount of business done by the association. Each brewery paid its license tax in the aggregate estimate.   The tax on the amount of business done by each brewery has been paid to the State.   The State, therefore, has no demand against the association.

Judgment affirmed.