On Rehearing.
Blanchard, J.
In 1873 William R. Messick, husband and father respectively of the present plaintiffs, acquired by purchase at tax sale 2,164 acres of land in the Parish of Avoyelles.
It was described in the tax deed by legal subdivisions and by reference to two plats annexed to the deed. There appears to have been a variance in one particular between the description in the deed and that in the plat — the result, likely, of a clerical error in the former. The district judge properly held that in respect to this variance the plat must control, and that this is confirmed by the fact that taking the description as furnished by the plats the aggregate acreage was obtained, whereas, taking the description of the deed, the aggregate . acreage was short. See 7 La. Ann. 498; 9 La. Ann. 445 ; 20 La. Ann. 415.
The land thus acquired by Messick was the following:
Section 10, township 2 south, range 6 east; the south half and northwest quarter of section 27, township 2 south, range 6 east; the west half of southwest quarter of section 35, township 2 south, range 6 east; section 21, township 2 south, range 6 east; and the west half of section 3, township 2 south, range 5 east.
In January, 1877, Messick died, leaving a widow and one minor child — plaintiffs herein.
The widow applied to be confirmed as natural tutrix and this was done. An inventory was taken, showing real and personal property of the aggregate value of $3,783.50.
Of the property so inventoried, was the undivided half of the 2,164 acres he had acquired at the tax sale aforesaid, save and except that in section 27, township 2 south, range 6 east, only eighty acres, ip round numbers, instead of 480 acres, were inventoried. That is to *1177 say, there was inventoried in that section only the south half of the northwest quarter, instead of the south half and the northwest quarter.
There was, thus, omitted from the inventory the south half and the north half of ithe northwest quarter of that section. And there was no plat annexed to the inventory, or referred to, controlling and correcting the omission.
The'tract of land, therefore, as described in the inventory aggregated 1,764 acres, instead of 2,164, and only an undivided half thereof was inventoried — its value being placed at $800.
In October, 1877, the natural tutrix, setting forth she was as such administering the estate of her deceased husband, applied for an order to sell the property of the estate in order to pay debts.
An order issued as prayed for, the personal property to he sold for cash, the real estate on terms of one-third cash, balance in one and two years. The commission to effect the sale issued to the natural tutrix herself and she made it at public auction.
At this sale George L. Mayer, one of the defendants herein, became the purchaser of an undivided half of section 10, township 2 south, range 6 east; of the south half of northwest quarter of section 27, township 2 south; range 6 east; of the west half of the southwest quarter of section 35, township 2 south, range 6 east; of section 21, township 2 south, range 6 east; and of the west half of section 3, township 2 south, range 5 east.
While the proces verbal of the sale recites that he bought the undivided half of 2,164 acres, that statement is controlled by the description by legal subdivisions which followed, according to which what he purchased was the undivided half of 1,764 acres in round numbers —being exactly the same number of acres actually inventoried, and described by the same legal subdivisions appearing in the inventory.
It thus appears that while the land embraced in the south half and the north half of the northwest quarter of section 27, township 2 south, range 6 east, was acquired by Messick at tax sale in 1873, no part of the same was included in the property inventoried as belonging to his sueession, and no part of the same was sold at his succession sale. Neither was it disposed of by him prior to his death, nor has it been disposed of by the widow in community and the legal heir since his death.
*1178 It appears, further, that while Messiek bought at the tax sale the whole of section 10, township 2 south, range 6 east; of the south half of northwest quarter of section 27, township 2 south, range 6 east; of the west half of southwest quarter of section 35, township 2 south, range 6 east; of section 21, township 2 south, range 6 east; and of the west half of section 3, township 2 south, range 5 east — aggregating in round numbers 1,764 acres — only an undivided half interest thereof was inventoried at his death as belonging to him, and at the succession sale which followed no more than an undivided half interest therein was offered for sale and only that interest was adjudicated, sold and purchased by Mayer.
Messiek had not, prior to his death, disposed of the other undivided interest, nor has it been disposed of by the widow in community and the legal heir since his death.
Mayer could not acquire at the succession sale.any greater interest in lands belonging to the dead, man and his widow in community than that offered and sold. What was advertised, offered and sold was an undivided half of 1,764 acres — not the whole of same.
It follows that what was not advertised, offered and sold remained in the succession, the widow in community and the legal heir. Stille vs. Shull, 41 La. Ann. 819.
What thus remained in the succession, the widow and the heir was the other undivided half interest in the 1,764 acres, and the whole of the south half and north half of the northwest quarter of section 27, township 2 south, range 6 east, containing 400 acres more or less.
Nearly twenty-three years have elapsed since the sale took place at which Mayer purchased a half interest in the 1,764 acres, more or less.
Meanwhile and latterly the legal heir has come of age.
It does not appear that any debts are still due by the succession of Messiek. For aught we know the sale of sucession property in 1877 settled the claims against the succession and against the community which had existed between Messiek and the widow he left surviving him.
The heir on' coming of age finds property his father owned, and which the father had not disposed of, and which had not been sold in his suecesssion, claimed by others.
*1179 He succeeds to one-half of this property by right of inheritance, and the widow in community may claim her interest therein, the other half, in her own right. •,
The succession of Messick cannot be said to be, practically, under-administration still. - No act of administration has been done therein for over twenty years. There never was an administration provoked' by creditors. The tutorship of the minor heir was opened, and what administration of the succession there was resulted from the acts of the tutrix administering the estate as such.
Under the circumstances here disclosed the widow in community’ and the heir of age have the legal capacity to institute this petitoryaction and stand in judgment therein.
Ware vs. Jones, 19 La. Ann. 428; Dickson vs. Dickson, 36 La. Ann. 453; Aronstein vs. Irwin, 49 La. Ann. 1,482; Succession of Aronstein, 51 La. Ann. 1,056.
When Mayer bought at the succession sale of Messick the fact that the land was sold in forty-acre lots makes no difference. It had to be sold that way under the then constitution. Put what was conveyed was not the whole forty-acre lots, but an undivided half interest in same, and Mayer, having bought all the lots, or rather a half interest in same, became the owner in indivisión of an undivided half interest in the land offered and adjudicated — his co-owner being the succession of Messick, or rather the community .that had existed between Messick and his wife.
That Mayer did not purchase the whole of the lands offered at the succession sale, but only an undivided half interest therein, and that this was the way he regarded his then purchase, is demonstrated by the fact that having obtained a judgment against one Charles E. Huesman he (Mayer), in May 1886, caused execution to issue on same and seized thereunder the other undivided interest in the same lands —seized it as the property of Huesman.
In some way -it seems to have been considered that Messick and Huesman owned the lands in indivisión, though nowhere on the records does Huesman appear as owner of any part thereof.
The property thus seized under the judgment of Mayer vs. Hues-man does not appear to have been sent to sale, and in August, 1886, the seizure was ordered released by the plaintiff.
Following this, however, Mayer acquired by purchase a prior judgment against Huesman which had been recovered at- the suit of J. A. *1180 C. Wadsworth vs. Huesman. An undivided half of the same lands (except the west half of the southwest quarter of section 35), the other half of which Mayer had already acquired at the succession sale of Messick, was, in December 1886, seized as the property of Huesman under this Wadsworth judgment and sold and bought by Mayer at the price of $175.
In this seizure an error was made — the east half of the southwest quarter of section 35, township 2 ■ south, range 6 east, was seized instead of the west half of that quarter section. So that Mayer did not buy at sheriff’s sale the West half of the southwest quarter of section 35.
The only land in section 27, township 2- south, range 6 east pretended to be sold under the Wadsworth judgment was the south half of the northwest quarter, or some eighty acres more or less. The south half of that section and north half of the' northwest quarter thereof were not included in the seizure and sale, though those lands were, as we have .seen, embraced in the purchase made by Messick at the tax sale in 1873.
Following his purchase under- the Wadsworth judgment, Mayer, for the first time, was in a position to claim the possession as owner of the whole of the 1,764 acres of land, more or less, included in the description by legal subdivisions in the act of sale by' which he acquired a half interest from the Succession of Messick and the act of sale by which he acquired the other half interest under the Wadsworth seizure, except as to the eighty acres in section 35.
In August, 1887, he sold to Mrs. Joyce J. Callaham, wife of W. J. Bentley, the northwest quarter of section 27, township 2 south, range 6 east, containing 160 acres. In point of fact, according to both the deeds by which he had acquired lands — that from the succession of Messick and that predicated on the Wadsworth judgment against Huesman— and giving effect to each deed, he owned only eighty acres in that section, to-wit: the south half of the northwest quarter.
Later, in January, 1892, and August, 1897, he sold to Lucien Guillory eighty acres, being the east half of the southwest quarter of section 3, township 2 south, range 5 east.
This piece of land was included in the description of lands in the sale to Mayer from the succession of Messick and that in the purchase made by him under the Wadsworth judgment.
*1181 Mrs. Bentley and Guillory, being made co-defendants of Mayer herein, call, the latter in warranty.
This is not a suit for any share of the widow in community property which has been sold, but for property of the community which has not been sold for debts or for any other purpose. The rule that the widow administering community property, when she sells to pay community debts, conveys title to all — not merely her husband’s interest in same — is not involved. Ricker vs. Pearson, 26 La. Ann. 391, and other authorities of the same tenor, are not applicable.
As against the demand of plaintiffs all parties defendant pleaded various prescriptions, including that of ten years.
There is an allegation in the petition that Mayer claiming to be owner took possession of the land in dispute and has been and is exercising acts of ownership over it. This suffices, so far as possession as owner is concerned, to predicate the prescription of ten years upon.
As to the other concomitant necessary to support this prescription— good faiih — we are not satisfied that Mayer in buying under the Wads-: worth judgment is to be classed as a purchaser in bad faith.
Taking this view, the prescription of ten years must prevail in part against the demand herein set up by Mary F. Waddill, now the wife of A. D. Lafargue, formerly widow of W. R. Messiek, deceased. But it cannot prevail against her co-plaintiff, the younger W. R. Messiek, who was a minor until two or three years preceding the institution of this suit. C. C. 3522, 3554.
The petition herein was filed September 24, 1897.
Mrs. Bentley bought August 6, 1887.
Her purchase was in good faith. She. acquired the possession which Mayer had. Her title from Mayer was more than ten years old when this suit was instituted. The prescription of ten years protects her as against the claim of Mrs. Lafargue. Mayer sold her 160 acres, as we have seen, in section 27. He had title to only eighty acres in that section. But, nevertheless, the prescription pleaded, which Mrs. Lafargue allowed to accrue before suing, protects her as against the demand of the former.
The effect of this is to enable Mrs. Bentley to hold as owper an undi-r vided half interest in and to the north half of the northwest quarter of section 27, township 2 south, range 6 east; and an undivided three-fourths interest in and to the south half of the northwest quarter of that section. The other undivided one-half interest of the north half *1182 of the northwest quarter, and the other undivided one-fourth interest of the south half of the northwest quarter of the section belong to W. R. Messick, the other plaintiff herein, for the prescription pleaded does not affect him.
Lucien Guillory, who bought from Mayer the east half of the southwest quarter of section 3, township 2 south, range 5 east, is entitled to hold an undivided three-fourths’ interest therein, the other undivided one-fourth interest belonging to W. R. Messick, co-plaintiff.
Mrs. Lafargue and W. R. Messick, co-plaintiffs, are entitled to recover the whole of the south half of section 27, township 2 south, range 6 east, and to be decreed owners in indivisión thereof.
The same parties (Mrs. Lafargue and Messick) are entitled to recover each an undivided one-fourth interest in and to the west half of the southwest quarter of section 35, township 2 south, range 6 east. Mayer bought an undivided half of this eighty acres at the Messick succession sale, but did not buy any part of, or interest in, same at the sale under the Wadsworth judgment against Huesman.
W. R. Messick, co-plaintiff, is entitled to recover and be decreed the owner of the undivided one-fourth of all the other lands which are described in the sale made to Mayer in the succession of Messick.
The judgment appealed from must be reversed and the case ' remanded to the court a qua for adjustment of the rights of all parties upon the basis herein laid down.
All claims in warranty and for rents, revenues, taxes paid and improvements, etc., etc., are reserved to all parties respectively, to be adjusted upon the same basis in the court below.
For the reasons assigned, it is ordered that the judgment herein-before rendered by this court be set aside, and it is now adjudged and decreed that the judgment appealed from be avoided and reversed, and the cause remanded to the court a qua to be proceeded with according to the instructions herein given and the law, costs of the lower court to be borne by defendant George L. Mayer, those of appeal equally by him and by plaintiffs herein.
Watkins, J., dissenting, handed down a separate opinion.