(38 South. 279.)

No. 15,390.

LURIA et al. v. COTE BLANCHE CO., Limited.*

(Feb. 27, 1905.)

COMMUNITY—DEATH OF WIFE — DISSOLUTION— INSOLVENCY — FORECLOSURE — CONSENT DECREE — SALE — TITLE ACQUIRED — RIGHTS OF HEIRS OF WIFE.

1. It is the settled jurisprudence of this state that, on the dissolution of the community by the death of the wife, its creditors may proceed directly against the community property in the possession of the husband, contradictorily with him alone.

2. Where the community is insolvent, neither the wife nor her heirs have any valuable interest therein; and the latter cannot complain that they were not made parties to a decree of foreclosure in a federal court, ordering the sale of a certain plantation to pay the purchase price due by the community.

3. Such decree, when rendered on bill and answer admitting the facts alleged, which were

*Rehearing denied March 27, 1905.

true, as shown by the authentic act of sale and mortgage, was not void as a consent decree.

4. Where, pursuant to the decree of the court, the plantation was seized, appraised, advertised, offered, and adjudicated as a whole, the purchaser acquired the property in its entirety, and his title was not affected by the recital in the deed that the marshal sold, etc., "all the rights, titles, interests, and claim" of defendant.

5. "He who seeks equity must do equity," and, where community property has been sold at a judicial sale to pay the purchase price, the heirs of the wife should not be permitted to recover without first offering to make restitution to the purchaser or his assigns. Such a sale cannot be ignored as nonexistent.

(Syllabus by the Court.)

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Albert Campbell Allen, Judge.

Action by Mary J. Scannell Luria and others against the Cote Blanche Company, Limited. Judgment for defendant, and plaintiffs appeal. Affirmed.

Branch Knox Miller, for appellants. Foster, Milling, Godchaux & Sanders, for appellee Cote Blanche Co. Henry Mayer, D. Caffery & Son, and Beattie & Beattie, for appellees heirs of Lazare Levy.

LAND, J. This is a petitory action to recover five-twelfths in indivision of a certain sugar plantation situated in the parish of St. Mary. Plaintiffs allege that the property was acquired by their father, Edward Scannell, during his marriage with their mother, and that on her death, in 1885, petitioners inherited the interest sued for herein.

Defendant filed exceptions of vagueness and insufficiency and of no cause of action, which were overruled.

Defendant then answered, setting up the chain of title under which it holds possession, and calling its vendors in warranty. The warrantors thus called in also answered the call and plaintiff's petition.

It appears from the pleadings and evidence that defendants claim title from Edward

Scannell through mesne conveyances. Hence none of the parties can dispute the title of the common author, and it would be a vain and useless thing to pass on the exceptions to the petition. It is admitted that the property belonged to the community which existed between Edward Scannell and plaintiff's mother, who died in 1885. At the date of her death the property was subject to a vendor's privilege for a large amount. In February, 1896, Birney Fellows filed a foreclosure suit in the United States Circuit Court for the Eastern District of Louisiana, based on five notes, aggregating $50,000 in principal, which had been given by Edward Scannell as part of the purchase price of the same plantation now in controversy. The defendant in said suit, for answer, admitted all the allegations set forth in the bill of complaint, and consented that a decree be entered up in accordance with stipulations in writing filed in the cause. A decree was entered on the bill, answer, and stipulations adjudging that Edward Scannell was indebted unto Birney Fellows in the sum of $52,945.48, with interest from February 1, 1886, secured by mortgage and vendor's lien and privilege on the tracts of land constituting said plantation, and ordering that said real estate be seized and sold by the marshal of the court to pay and satisfy said sum and the costs of the suit. The decree ordered further that the seizure and sale be stayed for certain amounts until certain dates, as stipulated, and that, if the property should not sell for sufficient money to pay and satisfy the decree, then plaintiff might issue execution against Edward Scannell for the balance, and that, if there should be an' excess of proceeds, the same should be paid to said party defendant.

In January, 1893, a writ of fieri facias for $30,000, with interest from February 1, 1888, issued in said suit, and the plantation and movables thereon were seized, appraised, advertised for sale, and on the day of sale the plantation was adjudicated to J. O. Scannell for $45,100, which he paid partly in cash and partly in notes.

The marshal's deed recited the seizure of the plantation, the advertisement, the offer of the property, and its adjudication to J. O. Scannell for $45,100. This deed contained the usual formula that the officer sold, etc., to the purchaser, "all the rights, titles, interest and claim, which the said Edward Scannell" had in and to the property, and concluded with the declaration that the purchaser specially mortgaged, "all and singular, the property herein described and conveyed," to secure the payment of his notes, with interest, etc. J. O. Scannell's title was divested by foreclosure sale, and the property passed by mesne conveyances to defendant herein.

The plantation was purchased by Edward Scannell from Birney Fellows in 1883 for the price of $74,250, of which $14,250 was paid in cash, leaving a balance of $60,000, for which the purchaser gave his notes secured in the usual form. The property came into the community with this burden, and when the community was dissolved by the death of the wife, in 1885, at least $50,000 of the purchase price, with interest, remained unpaid. Her interest in the plantation descended to her heirs cum onere. They were not bound for the debt, but the plantation was bound, and the unpaid vendor had the right to proceed against the property and the surviving husband. He did so, and the land was sold to pay the purchase price, which was a debt of the community.

Plaintiffs now seek to recover, as heirs of their mother, five-twelfths of the Cote Blanche Plantation free of incumbrances. They ignore the sale, which was made for the purpose of paying the balance of the purchase price, and treat it as an absolute nullity. Their first contention is that the fore-

closure proceedings, decree, and marshal's sale thereunder were absolutely null and void as to the half interest of the deceased's wife in the property, because her heirs were not made parties to the proceedings. Counsel for plaintiffs admits in his brief that it is the settled jurisprudence of this court that executory proceedings against the surviving husband alone, and a judicial sale thereunder, convey a valid title to the purchaser; citing Durham v. Williams, 32 La. Ann. 162; Succession of Cason, 32 La. Ann. 790; Succession of Boyer, 36 La. Ann. 506; Killelea v. Barrett, 37 La. Ann. 865; Succession of Bright, 38 La. Ann. 141; Oriol v. Herndon, 38 La. Ann. 759; Landreaux v. Louque, 43 La. Ann. 234, 9 South. 32. The reasons for this doctrine were set forth in successions of Cason, 32 La. Ann. 792, as follows, viz.:

"During the existence of the community the husband is practically the owner of the community property, which he may sell, dispose of, and incumber, by onerous title, at will, and without the concurrence of his wife. He is personally responsible for all of its debts. At his death it enters into and forms part of his succession, to be therein administered and devoted to the payment of the community debts, which are also his personal debts. The wife has no personal liability for the debts, and has no interest whatever in an insolvent community. In case of the dissolution of such a community by the prior death of the wife, her succession or heirs have no valuable interest in the community property. * * * As to the community creditors, they are under no necessity to provoke its liquidation through the medium of the wife's succession, because it is settled they may disregard the wife's interest, and proceed directly against the community property in the possession of the husband, contradictorily with him alone. Howley v. Crescent City Bank. 26 La. Ann. 230; Ricker v. Pearson, 26 La. Ann. 391; Riley v. Condran, 26 La. Ann. 294."

What the nature of the wife's interest and that of her heirs was in the dissolved community must be determined by the laws of this state. The interest of the heirs was residuary and subordinated to the payment of the debts of the community. Landreaux v. Louque, 43 La. Ann. 236, 9 South. 32. Although the community was dissolved by the death of the wife, the surviving husband continued to represent it for the purposes of liquidation and quoad the creditors. We take it that representative capacity must be determined by state laws.

The contention of plaintiffs is that, while the heirs of the wife would not have been necessary parties in foreclosure proceedings in the state courts, they were necessary parties in the suit in equity brought for that purpose in the United States Circuit Court. Conceding that equity jurisdiction and practice in the federal courts is not governed by state laws or decisions, and that in equity all parties interested in the subject of the suit should be made parties, it does not follow that the heirs of the deceased wife had such interest. Counsel for plaintiffs cites no authority in point, and there can be none in jurisdictions where the community system does not prevail. If under the laws of the state the husband represented the community quoad suit brought by creditors, the interest therein of the heirs of the wife was represented by him, as the whole includes all its parts. Where, at common law, the wife is entitled to dower, it is the general rule that she is a necessary party to foreclosure proceedings. In several states it has been held that this rule does not apply to the foreclosure of mortgages given for the purchase price of the premises. 9 Ency. P. & P. p. 316 et seq.

We have been referred to no federal decision on the subject of necessary parties in a case like the one at bar.

Plaintiffs further contend that the decree of the United States Circuit Court was a consent decree, and not binding on them. The decree was rendered on bill and answer.

The debt sued for was evidenced by authentic act, and in equity practice the defendant either had to admit the allegations of the bill, or deny them under oath. He was bound to admit the truth. The stipulations

tiled merely gave defendant further time to pay the debt, and he did pay a large portion of the same.

The next contention is that only the undivided half interest of Edward Scannell was conveyed by the marshal's deed. This contention is founded on the recital that the marshal sold, conveyed, etc., "all the rights, titles, interest and claim" which Edward Scannell had in the property. The whole plantation was ordered to be seized and sold, and the whole was seized, advertised, appraised, and adjudicated to the purchaser. The adjudication vested the title in the purchaser, and a mere formal recital in the subsequent deed did not change the situation to his prejudice. Such a recital appears in every sheriff's deed where property is adjudicated as an entirety. It may be observed that the surviving husband might well be considered the beneficial owner of the whole quoad the payment of community debts.

The record in this case shows an insolvent community, in which the heirs had no residuary interest whatever. All the property belonging to this community was sold to pay its debts, and did not bring enough money to satisfy them. If for any reason the judicial proceedings and sale were void or voidable as to plaintiff's alleged interest, we do not see on what principle of law or of equity they can claim the property, and at the same time repudiate the obligation of restoring that portion of the price of the sale which enured to their benefit. "He who seeks equity must do equity." We know of no legal alchemy by which an insolvent may be converted into a solvent community, and of no legal proceedings by which the property of an insolvent community, sold by order of court to pay debts, can be restored to the heirs of the wife, free of incumbrances and of the obligation of restitution.

Judgment affirmed.