Statement of the Case.
MONROE, J.
Defendant appeals from a judgment condemning him to accept title to certain real estate which he had agreed to buy from plaintiff. 1-Ie admits the agreement, and avers that he is willing to comply with it, provided he can do so in safety; but he alleges that the property (the undivided one-fourth of which is the subject of this litigation) was acquired by George L. Bright, plaintiff’s vendor, under the regime of the community, and was sold, after the death of his wife, and adjudicated to him, agreeably to the prayer of a petition which was prepared by him, though signed by another attorney. And, after setting forth the conditions of the adjudication and the subsequent proceedings, leading to plaintiff’s acquisition of the property, defendant further alleges:
“That after assuming a debt due to the Canal Bank of $8,860.37, and after paying-plaintiff’s claim of $16,954.47, the said George L. Bright retained a balance of $8,185.16 in his hands from the purchase price; that one-half of this balance belongs to the community, and is due to the said George L. Bright’s four children; and that they * * * have a vendor’s privilege, or lien, on the said property, or some claim against said property, until they are settled with by their father. * * * That defendant believes, and so charges, that the said proceeding * _ * * was taken by the said George L. Bright to defeat the claims, and rights of his children in the community existing between him and their mother, and in fraud of their rights, and that defendant believes and fears that, if he takes title to said property, the heirs of Mrs. George L. Bright, hereinbefore named, will hereafter make some claim against said property.”
He prays that the heirs referred to (four in number, who were majors at the time of their mother’s death) be made parties to this suit, and that the plaintiff’s demand be rejected. On behalf of two of the heirs who are nonresidents, the curator ad hoc, who was appointed to represent them, filed an answer, which was subsequently withdrawn, and they and the other two heirs (who reside here), appearing through their own counsel, excepted to the right and cause of action, as disclosed by the answer of the defendant, whereupon, their exception having been maintained, they were dismissed from the proceeding.
The facts as disclosed by the admission and evidence in the record are as follows:
Plaintiff’s author, George L. Bright, acquired the property referred to during the existence of the community between him and his wife. The wife died in 1901, leaving four major children, issue of their marriage, of whom two reside here, one in Boston, and one in England. The succession of the wife has not been opened, nor has the community been settled. In October, 1902, the property *661 was offered for sale by the sheriff, under a writ of seizure and sale issued by the civil district court for the parish of Orleans, in the matter entitled “Miss Josephine King v. George L. Bright,”. No. 68,569 of the docket, being a proceeding via executiva to enforce the payment of a note for $15,815, executed by said Bright on December 26, 1895, and secured by mortgage of the same date, and it (the property) w?is adjudicated to the defendant in the writ for $34,000. On January 23, 1903, the sheriff executed a deed, pursuant to his adjudication, from which it appears that the price “was settled for as follows, to wit: The purchaser retained $8,-860.37 as the balance due on a mortgage of superior rank to that under which the sale was made; he paid to the sheriff the sum required to satisfy the claim of the plaintiff in the writ, amounting, with interest and attorney’s fees, to $16,954.47; and he retained the balance of the price — say $8,185.16, less $2,610.28, or $2,138.95 (there having been $471.33 in dispute), expended in taxes and costs. On the same day (January 23, 1903) he mortgaged the property to Miss Josephine King to secure his note of $15,815, dated December 20, 1902, and made payable in one year, with interest from date; and on December 1, 1905, he sold the property to the plaintiff now before the court for $140,000, of which $50,000 appears to have been jpaid in cash, and the balance by notes bearing interest. The agreement between plaintiff and defendant, upon which this suit is based, is said to have been entered into on November 6, 1906.
Opinion.
The note of December .26, 1895, represented a debt of the community and it was competent to enforce the mortgage by which it was secured, after the death of the wife and contradictorily with the surviving husband, as head of the community, without making the heirs of the wife parties to the proceeding. Rusk, Adm’r, v. Warren, Crawford et al., 25 La. Ann. 314; Hawley, Pub. Ad., v. Bank et al., 26 La. Ann. 230; Killelea et al. v. Barrett et al., 37 La. Ann. 865; Oriol, Tutor, v. Herndon et al., 38 La. Ann. 759; Landreaux et al. v. Louque, 43 La. Ann. 234, 9 South. 32; Succession of Hooke, 46 La. Ann. 356, 15 South. 150, 23 L. R. A. 803; Verrier v. Sheriff, 48 La. Ann. 723, 19 South. 677; Luria v. Cote Blanche Co., 114 La. 385, 38 South. 279.
If the heirs of the wife were of the opinion that their interests would be best sub-served by holding onto the property, it was their privilege to have advanced the money wherewith to pay the debt, or, by provoking an administration, they might have shown that there were funds belonging to the community which were available for that purpose. The mortgage creditor was not, however, obliged to await their action in the matter. Again, when the mortgage creditor ■caused the property to be seized and advertised for sale, under a title importing confession of judgment, the heirs of the wife, being of full age, might have become the purchasers, and the surviving partner in community had the same right, and exercised it. It appears that the price at which the property was adjudicated to him was more than sufficient to pay the debt for which the sale was made, and that he retained the surplus. But what other disposition could have been made of it? One half of it belonged to him, and, in the absence of any suggestion to the contrary, we assume that he has the usufruct of the other half. If the heirs were, then, of opinion that, under the law, they were entitled to a lien or privilege on the property, for the security of the amount due them, it was open to them to assert such lien whilst the property stood, apparently unincumbered, in the name of their father. They, however, took no steps in that direction, and nearly two years later the property was sold, free *663 of incumbrance, to the plaintiff. And even now, though the defendant before the court makes the allegations of fraud and irregularity to which we have referred, and has notified the heirs, as the parties interested, to come into the suit and protect their rights, they still decline to take any action or to countenance the charges so made. No evidence was offered in support of the allegation that the petition for the executory process, under which the property was sold, was prepared by the surviving partner in community and adjudicatee, and, it may be added, there is neither allegation or suggestion that the plaintiff, who bought the property from the adjudicatee, knew, or had any reason to suppose, that the petitión in question was not prepared by the attorney who signed it.
Whatever, therefore, might be the significance, under other circumstances and in other litigation, of the allegation in question, if sustained by proof, it can have no bearing on the issue between the parties before the court, as to whom the petition for executory process is to be taken as it appears upon its face; that is to. say, as having been prepared and filed by a reputable member of the bar, on behalf of a client whose past-due debt against the community was secured by mortgage importing confession of judgment. Upon the whole, we agree with the judge a quo that the title tendered to the defendant is valid.
The judgment appealed from is accordingly affirmed.