WESTERN DIST.
*October*, 1836.

TYSON ET AL.
*vs.*
LANSING.

### TYSON ET AL *vs.* LANSING.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE
OF THE SEVENTH PRESIDING.

It is no ground of objection to issuing an attachment, that both plaintiff and defendant reside out of the state, for the oath may be taken by an agent of the plaintiff, and absence from the state of the defendant, expressly authorizes an attachment.

Nor can it be objected to the issuing an attachment before the debt is due, as it is expressly provided for under the act of 1826.

The plaintiff in an attachment suit, may give a new bond and substitute a new surety, in order to make the first one a witness on the trial, when no liability *has* accrued under the first bond.

Where the plaintiff has been improperly deprived of a witness *to support* the allegations *in his petition, and to rebut the testimony of the defend-* ant, the cause will be remanded.

This is an attachment suit instituted against the defendant, on the following promissory note, before it became due :

$3700 38.        " NEW-YORK, September 10th, 1835.

" Twelve months after date, I the subscriber, of Natchitoches, in the state of Louisiana, promise to pay to the order of Messrs. G. W. Tyson & Co., thirty-seven hundred dollars and thirty-eight cents, at the Commercial Bank, at New-Orleans, for value received.

" JAMES LANSING."

On the 16th December, 1835, the plaintiffs sued out a writ of attachment against the defendant on the following affidavit, made by Isaac Tyson, a member of the firm of G. W. Tyson & Co. :

" That James Lansing is really indebted to the said firm, in the sum of thirty-seven hundred dollars and thirty-eight

cents, in the manner set forth in the petition; that said Lansing resides out of this state, and that he is about to remove his property out of the state before said bebt becomes due. "ISAAC TYSON."

The defendant moved to dissolve the attachment on the following grounds:

*First,* because by *their* own showing neither the plaintiff or defendant is a resident of the state of Louisiana, and that the debt is not due, which last allegation, if true, shows that no attachment should issue.

*Second.* That the defendant has his domicil in this state, in the parish of St. Martin, where his family reside, and where he has a large property, both real and personal.

*Third.* Defendant being domiciliated in the parish of St. Martin, cannot be sued in the parish of Natchitoches.

On the trial of this motion, the plaintiffs offered one John F. Cortis, the surety in the attachment bond, as a witness to testify in the cause, who was objected to by the defendant's counsel as *interested,* and the objection sustained. The plaintiffs' counsel then tendered a new attachment bond, with a new surety, releasing Cortis, to make him a competent witness, all of which was objected to by the defendant's counsel, and the objections sustained, and the opinion of the court excepted to.

The evidence showed that the defendant was a merchant, and had a store at St. Augustine, in Texas, but was in the habit of going backwards and forwards to his family in the parish of St. Martin; that he had valuable real estate there, and where his family continued to reside.

Judgment was rendered, dissolving the attachment, and the plaintiffs appealed.

*Winn and Spaulding,* for the plaintiffs.

1. The note sued on in this case expresses on its face that the defendant is a resident of Natchitoches, and the evidence shows he is about removing his goods to a store he has actually established in Texas.

2. The testimony of Cortis should have been received, and would have showed that the defendant was about removing permanently from the state, to Texas. This witness was rejected as interested, because he was the surety in the attachment bond, when it was moved and offered to substitute another surety in his place. We had a right to do this.   6 *Martin, N. S.*, 673.

*Dunbar*, for the defendant, contended that the witness was properly rejected, and could not be released from his liability under the bond. This liability accrued from the time of signing the attachment bond.  See *the case referred to in* 6 *Martin, N. S.*, 673.

2. The attachment improperly issued in the first place, because the defendant is a resident of the state, and it is shown has valuable property in the parish where he is domiciled.  5 *Martin, N. S.*, 450.  3 *Louisiana Reports*, 125.

*Spaulding*, in reply, maintained that the case cited from 6 Martin, N. S., 673, was conclusive as to the right of using Cortis as a witness.  His testimony being rejected, the case must at any rate be remanded.

*Martin, J.*, delivered the opinion of the court.

The plaintiffs are appellants from a judgment setting aside an attachment, which they had obtained against the defendant, whom they allege resides out of the state, and who intended to remove his property out of the same, before the maturity of a note which he had given to them.

The defendant moved to have the attachment set aside, on the following grounds :

*First.* The affidavit shows that neither of the parties is a resident of the state, and that the debt is not due.

*Second.* That the defendant is domiciliated in the parish of St. Martin, in this state, and has valuable real property therein.

*Third.* And that he is not suable in any other parish than that of his domicil.

The act of 1826 provides, that when the debt is not due, an attachment may issue on the affidavit of the creditor, of the existence of the debt, and of either of the circumstances mentioned in the first, second and third numbers of the article 240, of the Code of Practice.

The first circumstance is, that the debtor is about permanently to leave the state, or has left it, never again to return, without the possibility of obtaining or executing a judgment against him ; the second is, that he resides out of the state ; and the third is, that he conceals himself to avoid being cited and forced to answer to the suit intended to be brought against him.

I. It is clear that it is no good ground of objection, that both parties reside out of the state, for the law expressly provides that the oath may be made by an agent when the plaintiff is absent, and the residence of the defendant out of the state, is stated as a circumstance authorizing an attachment to issue. *Code of Practice, article* 244. Neither can it be objected under the act of 1826, that the debt is not yet due.

II. The testimony shows that the defendant was at St. Augustine, in Texas, and had a store there about the time of issuing the attachment, and that he had a family residing at Newtown, in the parish of St. Martin ; also a house and lot, and slaves, together with other property there, and in other parts of the state. The plaintiff asked leave to substitute another bond for that on which he had obtained the attachment, with the view to render the surety in the first bond a competent witness for him. This was objected to on the ground that a liability might have already accrued, and the surety could not be relieved from it without the consent of the defendant. The objection was sustained, and the plaintiff's counsel took his bill of exceptions.

It appears to us the District Court erred. It has been the practice of this court to allow the substitution of a new bond, when one of the obligors is wanted as a witness. This has, however, never been done when a liability had *already accrued.* If this was shown to be the case in the present

*Margin notes:*

WESTERN DIST.
October, 1836.

TYSON ET AL.
*vs.*
LANSING.

It is no ground of objection to issuing an attachment, that both plaintiff and defendant reside out of the state, for the oath may be taken by an agent of the plaintiff, and absence from the state of the defendant expressly authorizes an attachment.

Nor can it be objected to the issuing an attachment before the debt is due, as it is expressly provided for under the act of 1826.

The plaintiff, in an attachment suit, may give a new bond and substitute a new surety, in order to make the first one a witness on the trial, when no liability *has* accrued under the first bond.

WESTERN DIST. instance, it would be proper to consider whether this circum-
October, 1836. stance ought to prevent the substitution. But it is not
LOWERY ET AL. shown, nor is it urged, that any liability has accrued.
*vs.*
LANSING.         As the plaintiff has been improperly prevented from avail-
Where the ing himself of the testimony of his bondman, in order to
plaintiff has been support the allegations of his petition, and to rebut the
improperly de-
prived of a wit- testimony offered by the defendant, in support of the second
ness to support
the allegations ground of his motion to set aside the attachment, it is our
in his petition duty to afford him the opportunity of doing so.
and to rebut the
testimony of the      III. The conclusion to which we have come on the second,
defendant, the
cause will be renders it unnecessary to examine the third ground, upon
remanded.
                 which the motion to set aside the attachment is founded.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court, be annulled, avoided and
reversed, and the case remanded, with directions to the
district judge to allow the plaintiffs to substitute a new bond
for the former one; the appellee paying the costs of the
appeal.