## THOMAS FARRELL v. H. F. KLUMPP.

Where the plaintiff in execution procured the appointment of a *curator ad hoc* to represent defendant in the appointment of an appraiser, the absence of the defendant or other sufficient cause must be shown to justify the appointment.

And if the debtor conceals himself, besides service upon the *curator ad hoc* appointed to represent him, notice should also be left at the place where the defendant last resided.

APPEAL from the Fifth District Court of New Orleans.

*A. G. Semmes*, for plaintiff and appellant. *A. & A. Pitot*, for defendant.

MERRICK, C. J. This suit is brought to set aside a Sheriff's sale of a lot of ground and buildings in the city of New Orleans.

The defendant obtained an order of seizure and sale against the plaintiff, and after a notice of the issuing of the same, and the seizure of the lot in question, the Sheriff attempted to serve notice upon *Farrell* to appoint appraisers, but not finding him at the place where he had served the previous notices, he returned that he had removed from his domicil on Gironde Street, where service had been made on him at No. 27, and that he could not be found after diligent search in the neighborhood, and among his acquaintances.

Thereupon a *curator ad hoc* was appointed to represent the defendant, upon whom (such curator) the notices were served.

The plaintiff in the execution bought the property at the first offering at two-thirds of the appraisement.

The proof shows that the plaintiff was a resident of the city and that he was not absent during the time that the defendant was proceeding to make the sale under his executory process against him, but he was residing with a brother-in-law on Constance steeet. The information which the Deputy Sheriff received was not sufficient to induce the belief that plaintiff had left the city ; for he was informed by *Sullivan* that the plaintiff lived somewhere near Annunciation square or, as the Deputy Sheriff says, in the upper part of the city.

It is contended, on the part of the plaintiff, that this was not a proper case for the appointment of a *curator ad hoc*, because the defendant in the executory process was not an absentee. The right of courts to appoint a *curator ad hoc* to represent a party or an absentee in proceedings in execution, arises from the provisions of law *in pari materia*, and we are by no means prepared to say that where the defendant in execution secretes himself in order to prevent a service of process or notice upon him, it would not be proper to make such appointment. *Thompson* v. *Barrow*, 7 An. 670. But in the case before us there is no proof to

show that the plaintiff absented himself in order to defeat the executory proceedings. On the contrary, it appears that he continued to rent the property for two or three months after the sale.

The plaintiff in execution who undertakes to appoint a *curator ad hoc* to represent the defendant, should be ready to prove his absence, or other sufficient cause, for the appointment.

Under our laws parties cannot be deprived of their property without a strict compliance with the forms of law. 9 L. R. 543. Article 671 of the Code of Practice requires service of notice upon the defendant, either by the delivery of a written notice to him in person, or left at his usual place of residence, to appear on the day, place and hour fixed by the Sheriff, for the purpose of naming his appraiser. If the debtor conceal himself, besides service upon the *curator ad hoc* appointed to represent him, it would seem that notice should also be left at the place where the defendant last resided. C. C. 253.

We do not think that the facts proven justified the appointment of the *curator ad hoc;* a further effort should have been made to find the defendant. See 9 Rob. 531 : 3 An. 390.

The defendant in this suit reconvenes for the amount of repairs which he has put upon the property, the taxes he has paid and the cost of a policy of insurance taken out by him, and costs of the executory process, amounting to the sum of $179 92, and withdraws from the consideration of the court the claim upon his promissory note for $750 and interest. It is clear that the defendant cannot recover in this suit the cost of his policy of insurance, which is personal to himself, nor the costs in the executory process, which are incidents of that proceeding, and stand or fall with it.

As we shall decree to the plaintiff the revenues of the property, we think we have jurisdiction to make a deduction on account of the payment of taxes, the repairs, etc., and that $96 43 should be allowed for the same. As the plaintiff continued to hold the property some time after the Sheriff's sale, the defendant ought not to be charged with the revenues of the property until after the first of January, 1856.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed, and it is now ordered, adjudged and decreed, that said Sheriff's sale be held null and void, and that the plaintiff do recover of the defendant the said lot of ground and buildings thereon situated in the city of New Orleans, in the square bounded by St. Paul, Gravier, Perdido and Gironde streets, designated as Lot No. 24, and more particularly described in plaintiff's petition, and the sum of fifteen dollars per month revenue for the rents of said property from the first day of January, 1856, until the same shall be delivered to the plaintiff under this decree, subject to a deduction of $96 43, for repairs made upon the property and taxes paid by the defendant, and reserving to the defendant any rights he may have under his order of seizure and sale and the said note and mortgage annexed to the same. And it is further ordered that the defendant pay the costs of both courts.

BUCHANAN, J., took no part in this decision.