### No. 9255.

### W. P. SMITH vs. THOMAS R. BRADY.

When a sale under executory process is attacked for nullity of the mortgage under which it was provoked, the adjudicatee of the property must be made a party to the proceedings.

In a contest between rival judgment or mortgage creditors who assert their rank and precedence over the seizing creditor by means of third oppositions claiming distribution of the proceeds of sale, and one of them attacks the mortgage as null and extinguished without making the adjudicatee a party, the judgment of distribution will be vacated as in case of nonsuit.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus,* J.

*J. E. Wallace* for the Appellant.

*Jos. Timony* for the Appellee.

The opinion of the Court was delivered by

MANNING, J. The plaintiff sued out executory process upon a mortgage given by the defendant in October 1873 to secure a note for two thousand dollars payable in one year. This note had been paid by the

Brady vs. Smith.

defendant after its maturity and was re-issued and was paid a second time, and finally was delivered by him to the plaintiff in 1876 in payment of certain indebtedness.

But meanwhile Mary Hughes had obtained a judgment against the defendant and had issued a *fi fa* upon it in January 1875 which had been levied upon the property mortgaged as above set forth. The plaintiff therefore obtained possession of the note after it had been paid by the maker and after another had acquired rights upon the property mortgaged. Even if he acquired it in good faith, it is very clear that Brady could not re-issue a mortgage note after its payment by himself to the prejudice of others who, while the note was in his possession, had established an encumbrance upon the property by judgment and levy of execution.

Another judgment creditor of Brady, one Massie, also claims rights adverse and superior to both Smith and Mrs. Hughes.

The contention in its present form is over the proceeds of sale of the mortgaged property. Smith's order of seizure and sale was executed and the property realized $4,750.00 leaving a surplus of 1,236.63 after paying the costs and Smith's claim, a sum insufficient to pay either Massie or Mrs. Hughes.

The lower judge held the sale legal and sustained both Massie and Mrs. Hughes in their oppositions to the proposed distribution of the fund, giving the latter the preference or precedence in rank. Massie alone appealed, and contends now as he did below that the mortgage held by Smith is extinguished and the executory proceedings for its enforcement are null.

We think he is right but we decline so to decree because the adjudicatee is not a party to the pleadings before us, and he has a right to be heard.

The only present solution to the matter open to us is to vacate the judgment below as in case of non-suit, leaving the parties to take such proceedings as will present the issues in a form susceptible of adjudication of the rights of all those who are interested.

It is therefore ordered that the judgment of the lower court is avoided and reversed without prejudice to the rights of any of the parties hereto or of others interested, and that the plaintiff pay the costs of appeal.

Rehearing refused.