## No. 11,339.

GEORGE F. HERBER VS. PHILIP THOMPSON ON INTERVENTIONS AND THIRD OPPOSITIONS OF J. & M. SCHWABACHER, THE ULMAN GOULDSBOUGH CO., LIMITED, AND H. L. BIDSTRUP.

Third opponents, before the sale, inconsistently asked for the nullity of the sale on the ground of simulation, etc., and also asked for the proceeds; after the sale to one who declares himself the owner of the mortgage notes under which the sale was made and who, having bid less than his debt, paid no price, third opponents filed amended petitions in which they allege that the adjudicatee was aware of the simulation, and they restrict their prayer to the annulment of the sale and mortgage, asking for the citation of all parties to the sale. *Held*, that under the circumstances of this case and the pleadings therein, third opponents are not estopped from attacking, by a direct action, the sale and mortgage as being simulated. *Held further*, that in this case the action set forth in the amended petitions contains all the elements of a direct action, affords all the opportunities for exceptions and answer, and affords also the same delays and mode of trial which could be claimed in a direct action.

APPEAL from the Civil District Court, Parish of Orleans. *King, J.*

---

*W. S. Benedict, Robt. G. Dugué* and *James Legendré* for Opponents and Appellants:

Interventions and third oppositions have always been allowed in executory proceedings. 28 An. 646; 43 An. 820; 42 An. 492, 1195; 11 R. 217; 40 An. 149; 15 La. 417; 28 An. 596.

Herber vs. Thompson.

The word "suit" in C. P. 389, 390, 395, and the word "privilege" in Art. 396, are not used in their technical sense. The first means "judicial proceeding," the other "preference." C. P. 401, 402, 403; 14 An. 589.

The legal title to negotiable paper is presumed to be in the holder, who may sue in his own name, subject to the right of the drawer, or other persons interested, to urge against him all defences and equities they might urge against the real holder. But the presumption may be rebutted, and is rebutted when the holder confesses, in open court, that he has no interest in the paper, and never had any.

No one can invoke the aid of judicial process unless he has some interest to protect. The interest must endure until after judgment. Hen., p. 1129, Nos. 11, 12, 13; p. 1130, No. 27; 14 An. 811.

When demands are made in the alternative, the pleading is good, and the party can not be made to elect. 27 An. 98; 30 An. 1203; 34 An. 198, 684.

If inconsistent, the only penalty is that the pleader must elect. C. P. 449; 28 An. 312; 7 N. S. 404; 7 An. 568; 3 An. 365; 19 La. 207; 8 An. 48.

Third opponents may allege the nullity of a mortgage and at the same time claim the proceeds of a valid sale thereunder, if such should be made.

A sale under an invalid or extinguished mortgage is good, as to the innocent purchaser for value. 41 An. 555.

A party can not profit by the mistakes of his adversaries due to his own act.

If the purchaser at a judicial sale does not pay the price, as ordered by the court, the sheriff's duty is to re-sell at once. 18 An. 237.

The sheriff can not be ordered to make a deed to an adjudicatee, claiming to hold the first encumbrance on the property, who, for that reason, refuses to pay the price, when there is a valid, subsisting order directing him to pay it, and the validity of his mortgage has been put at issue in proceedings which are still pending. 22 An. 573.

---

*Chas. J. Théard* for Plaintiff and Appellee:

An intervenor can not question the interest or title of the plaintiff, or his capacity or right to institute the proceedings in which the intervention is filed.

The payment of a promissory note endorsed in blank may be enforced in the name of any person whomsoever, who is in possession of the note. Klein vs. Buckner, 30 An. 680; see also Hunt vs. Stone et al., 19 An., 526; Scionneaux vs. Waguespack, 32 An. 283; Smith vs. Atlas Cordage Co., 41 An. 1.

An intervention can not be filed in an executory process.

Interventions take place in suits, but an order of seizure is not a suit. Chambliss vs. Atchison, 2 An., page 490.

An executory proceeding is not properly a suit; it is not even a judgment in any sense of the word. It is merely the aid of judicial power to give force and effect to what is equivalent to a judgment confessed. Folger et al. vs. Roos, 40 An., page 604; Mitchell vs. Logan, 34 An., page 1003, and authorities therein cited; Rousseau vs. Bourgeois, 28 An. 186.

A third opposition may take place in two cases only: (1) when the opponent claims to be the owner of the thing seized; (2) when he contends that he has a privilege on the proceeds of the thing seized and sold. C. P., Art. 396.

Where the action is to annul a mortgage the party can not proceed by third opposition.

Herber vs. Thompson.

One can not be permitted to claim the proceeds of the sale, and at the same time to aver the illegality of the sale and the nullity of the mortgage for the satisfaction of which the sale is made. Livaudais vs. Livaudais, 3 An. 454; Provosty vs. Carmouche, 22 An. 135; Slocomb vs. Williams, 23 An. 245; Boubede vs. Aymes. 29 An. 274.

The demand for the proceeds is the judicial admission of the legality of the sale, It not only affirms the validity of the sale, but will forever estop the opponent from afterward asserting the nullity of the sale in any subsequent proceeding. Factors and Traders' Ins. Co. vs. DeBlanc et al., 31 An. 100; Massie vs. Brady et al., 41 An. 555.

The purchaser, who is himself the seizing creditor, under a special mortgage first in rank, may retain in his hands the purchase price, up to the amount of his mortgage.

The opinion of the court was delivered by

PARLANGE, J.   The plaintiff, holding five promissory notes signed by the defendant, aggregating $25,000, and secured by mortgage on a plantation situated in the parish of St. Landry, obtained an order of seizure and sale from the Civil District Court for the parish of Orleans.   Before the sale three creditors of the defendant, holding judgments against him for sums aggregating $16,985.63 and interest, filed their separate petitions of intervention and third opposition in the executory proceedings.   They alleged substantially that the plaintiff had no interest in the mortgage notes or in the mortgage, which they charged to be a pure simulation to the knowledge of plaintiff for the purpose of screening defendant's property and its proceeds from the pursuit of his creditors; they further averred that the mortgage, if not simulated, is fraudulent and was resorted to by the defendant while he was in insolvent circumstances to screen his property as stated, to the knowledge of the plaintiff and of the original mortgagee, neither of whom gave any consideration for said notes, and that the opponents had only discovered the facts alleged within two months from the time when they filed their interventions and third oppositions.

The opponents further averred that, if the mortgage was not simulated or fraudulent, or both, and if the notes were ever issued or issued in good faith, which they deny, the notes afterward went back into the possession of the defendant, and that the mortgage has been extinguished by payment, compromise or otherwise.   That the property is worth $25,000 and that the defendant is still insolvent, and that any other property he may own is subject to mortgages far in excess of its value, and that opponents will be remediless if the

mortgage on which the executory process issued is not decreed null
or to have been extinguished. Each of the opponents prayed that the
sheriff of the parish of St. Landry be ordered to hold in his hands,
out of the proceeds of the sale, a sufficient sum to pay their judg-
ments, and that "judgment may be rendered decreeing the mort-
gage   *   *   *   to be simulated, null and void, and if not simulated
or fraudulent, or both, to have been extinguished by payment, com-
pensation, confusion or otherwise;   *   *   *   directing the amount
of petitioner's said judgment to be paid in full by privilege and with
mortgage   *   *   *   out of the proceeds of the sale to be made
herein."

To these interventions and third oppositions the plaintiff excepted
that no intervention or third opposition could be filed in said matter;
that the intervenors can not be heard to question plaintiff's interest
or right to institute the suit; that the oppositions set forth incon-
sistent matters, and are vague and indefinite.

After the sale, the exceptions came on to be tried before the lower
judge, and he then allowed the opponents to file supplemental and
amended petitions of intervention and third opposition, in which
they averred that since filing their original pleadings, they have dis-
covered that the plaintiff disclaims all interest in the notes and
mortgage, and that he asserts that he never had any interest therein,
and that the only person having any right in the same at the time
the executory process issued and since, is the adjudicatee at the sale,
who admits the assertion.    That a pretended adjudication has been
made and the adjudicatee claims ownership thereunder, although he
did not pay the price of the adjudication; but that the adjudication
is null because he did not pay the price, and, for the reasons stated
in the amended petition, the mortgage under which the sale purports
to have been made is null and void, or has been extinguished, as the
adjudicatee always knew.    The opponents further averred that if
the mortgage was not originally simulated or fraudulent, the same
was paid or extinguished in some way unknown to them, but well
known to the adjudicatee, who was thoroughly cognizant of the
defendant's insolvency; that the adjudicatee knew at the time he
claims to have received the notes and mortgage that the same, if
originally good, had been extinguished and could not be revived,
and that if the adjudicatee was a creditor of defendant as he claims,
he well knew that the defendant could not give him a mortgage, as

he was then, and had been for a long time before, totally insolvent, to the direct knowledge of the adjudicatee.   They alleged that these new facts had come to their knowledge since the filing of their original pleadings.   They prayed for citation to all the parties, including the adjudicatee, and that the mortgage be declared to be simulated or fraudulent, or both, or extinguished as alleged, and that the sale and adjudication be annulled.

The judge *a quo*, after trial of the exceptions, maintained the same and dismissed the interventions and oppositions, reserving to the opponents "all their rights, if any they have, to be prosecuted according to law."   The opponents have appealed.

The property was adjudicated for the sum of $8500.   The adjudicatee, notwithstanding the order of the court directing the sheriff to retain sufficient of the proceeds to meet the claim of the opponents, did not pay the price, claiming the right, as holder of the notes, to attribute the price to his mortgage.

If the opponents had taken the risk of the purchase of the plantation by an innocent third person and had awaited the sale without instituting any proceeding, and if, after the sale to one whom they claim to be cognizant of the simulation, they had brought directly such an action as is set forth in the amended petitions, charging the mortgage and the sale to be simulations to the knowledge of all the parties to the proceedings and sale, and asking for the annulment of the mortgage and sale, it is perfectly clear that the opponents would have had their action.   This being so, we are to inquire why the amended petitions should not stand.   We see but two grounds upon which the dismissal of the amended petitions could be contended for: first, because opponents are estopped from attacking the validity of the sale, for the reason that in their original petitions they ask to be paid out of the proceeds of the sale; and secondly, because opponents, even if not estopped, can not assert their demand in the form which they have adopted.

The plaintiff has cited decisions of this court to show that a party claiming the proceeds of a judicial sale thereby affirms the validity of the sale and is estopped from thereafter contesting it.   We have examined those authorities and others, and we do not consider them as in conflict with the views entertained by us in deciding the instant case.

That an innocent purchaser at a judicial sale should be protected

against disturbance by one who has claimed the proceeds of the sale, seems just and equitable. It may well be in such a case that the intending purchaser considered the claim for the proceeds, even when inconsistently joined with a demand for the nullity of the sale, as a virtual assent to the sale and relied upon that assent when he bought.

But estoppels are not favored; and no principle of natural justice or of law has been invoked by which the fact that a third opponent has, prior to the sale, inconsistently claimed the proceeds and also asked for the annulment of the sale, should operate an estoppel for the protection of a purchaser of the property who was cognizant that the sale and the proceedings under which it was had, were simulations.

In a case such as the instant one, where, under a mortgage alleged to be a simulation, a sale is made to one who discloses himself at the sale as the holder of the notes and who bids in the property for a part of his mortgage and does not pay the price, it seems clear that an action charging the adjudicatee with knowledge of the simulation, can be maintained against him to have the sale declared null, even though the parties bringing the action may, prior to the sale, have inconsistently claimed at the same time the proceeds of the sale and asked for the annulment of the sale. The claim for the proceeds could not in any manner injure an adjudicatee who would know that the sale is simulated and he could not be permitted to derive any benefit from the fact that such a claim had been made.

On the question whether the opponents can maintain their action in the form in which it is now embodied in their amended petitions, we were at first inclined to the opinion that the amended petitions should be dismissed, reserving to the opponents the right to bring again, as a separate and independent suit, the same action set out in the amended petitions. But the law does not require the doing of vain and puerile things. The amended petitions contain all the elements and essentials of a separate and direct suit for the annulment of the mortgage and sale. Citation of all the parties concerned is prayed for. These parties will have all the delays and all the opportunities for exceptions and answer, and the same mode of trial to which they would be entitled in a separate action. Besides, under the rules of the Civil District Court, if the suit were filed anew as a separate action it would again be docketed in this very cause, and

assigned to the very judge who tried this cause below.    We passed upon a similar point in Morris vs. Cain, 35 An. 759.

We are not to be understood as overruling herein the former decisions of this court holding, in cases of purchases by innocent buyers at judicial sales, that one who has previously claimed the proceeds of the sale is estopped from contesting the validity of the sale.    Nor are we unmindful of the decisions of this court holding that one can not by third opposition claim the proceeds of a judicial sale on the ground that the execution is based upon a fraudulent, simulated or extinguished claim.    We have no need in this case to pass upon those questions.    The only requisites for a decision in this case are the conclusions reached by us that the opponents are not estopped from bringing an action for the annulment of the sale, which they claim has been made to a person cognizant of the fact that the sale is a simulation; and that the action set forth in the amended petitions contains all the elements of a distinct and direct action, and that under the circumstances of this case the amended petitions are to be considered and held as setting forth a direct action.

In the instant case we do not deal in any manner with the merits which were not reached in the court below, and we pass only on the questions presented by the pleadings and record.

It may well be that the allegations of the opponents are entirely unfounded in fact, and that they will fail in their proof.    It is not impossible that the action is merely tentative.    But with the verity or untruth of the cause of action we are not concerned at the present stage of the case.

It is therefore ordered that this cause be remanded to the lower court to be proceeded with according to law on the demands set forth in the amended and supplemental petitions herein, and that appellees pay the costs of appeal.

### DISSENTING OPINION.

BREAUX, J.    The able and carefully prepared opinion of the court has not convinced me of the error of the judgment of the court *a qua.*

Before the sale of the property judicial mortgage creditors of the defendant, whose judgments were of record, filed separate petitions of intervention and third opposition, and obtained an order directing

the sheriff to hold in his hands, out of the proceeds of the sale, a sufficient sum to pay their judgments in full, and prayed, after allegations setting forth their claim, that the mortgage under which the property was sold be declared simulated, fraudulent and void, or to have been extinguished, and that their judgment be paid by privilege and preference out of the proceeds of the sale.

I do not controvert the facts stated in the opinion.

It does seem impossible, legally, in one proceeding, to sustain intervenors and third opponents' contradictory positions not alternatively pleaded.

They seek to have the mortgage declared simulated, fraudulent, void, under which the property was sold, or to have been extinguished; at the same time they pray to be paid out of the proceeds of the sale.

In other words, under part of the averments, there was no sale possible.

Under the remainder of the averments there was a sale, and they pray to be paid from the proceeds.

The authorities are that a third person in good faith acquires title although the sale be made under an invalid or extinguished mortgage.

Granted, this does not have the effect of lessening the force and effect of judicial allegations.

The intervenors and third opponents are bound by their allegations without regard as to whether there is a title or no.

As to them, in this suit, they are in the attitude of alleging that there was no mortgage and in consequence no sale.

And immediately after that there was a sale, and that they were entitled to the proceeds.

Whatever may be the effect of these allegations and what scope they should be given ultimately, I express no opinion.

Their effct and scope, I will state, however, with great respect, should be considered in other proceedings averring consistent causes of action.

### ON APPLICATION FOR REHEARING.

WATKINS, J.    An examination of this case has only served to confirm us in the conclusions at which we first arrived—the issues examined and the questions decided being equally applicable to the original and supplemental petitions of intervention; no alteration in

13*

the phraseology of the *decree* is necessary, except to make it applicable to the original as well as the supplemental petitions.

It is therefore ordered, adjudged and decreed that our original decree be so amended as to order the case remanded to the lower court, to be there proceeded with according to law and the views in our opinion expressed on both the original and supplemental petitions.

Rehearing refused.