### BURDEN v. PEOPLES' HOMESTEAD & SAVINGS ASS'N et al.

#### No. 5237.

Court of Appeal of Louisiana. Second Circuit.

April 30, 1936.

Robt. H. Hope, of Monroe, for appellant.

H. D. Montgomery and Guy P. Stubbs, Jr., both of Monroe, for appellees.

DREW, Judge.

Plaintiff alleged he was the owner in possession of lot 7, block 2, of Edgewater Gardens, being a portion of Bon Air Plantation, as per plat of Bayou DeSiard Land Company in the office of the clerk of court of Ouachita parish, La.; that he acquired the property from Asa M. Cash in October, 1927, and that as part of the purchase price he assumed and obligated himself to pay and discharge a certain mortgage and vendor's lien against said property from Asa M. Cash to the Peoples' Homestead & Savings Association; that on May 20, 1935, the said homestead association proceeded directly against Asa M. Cash by executory process and caused to be illegally and unlawfully sold the property of petitioner; and that F. M. Durham was the adjudicatee at said illegal sale. He alleged the adjudication and deed from the sheriff to Durham was null and void and should be stricken from the records of Ouachita parish for the following reasons:

"That no authentic evidence was presented to the judge authorizing the writ of executory process, in that the endorsement on the petition filed shows no documents filed therewith; petition alleges that Exhibit A and Exhibit B are filed with petition, but no exhibits marked and identified as such are attached to original petition; no evidence of the charter and by-laws of the Association mentioned in petition, and necessary to show the amount due are attached and were presented and no verification made of petition.

"That the petition for writ of executory process did not contain any description of any property and especially not of the property above described belonging to your petitioner.

"That the notice to pay served on Asa M. Cash was insufficient.

"That the property was never actually seized and taken into possession by the Sheriff of Ouachita Parish.

"That the advertisement was insufficient and did not state the hour of the Sheriff's sale; and that the property was not advertised on the 4th day of July, 1935, as shown in the advertisements appearing in the paper and read by the Sheriff at the time of the sale.

"That the purported writ of seizure and sale under which the property was seized and sold does not disclose the authority under and upon which it was issued and is insufficient and not proper authority to sell the property.

"That the return on the purported writ of seizure and sale under which the said property was seized does not disclose nor show that the property was advertised each week, nor does it disclose the property which was seized and is insufficient.

"That your petitioner, prior to the date of the sheriff's sale herein referred to, had filed a petition for a moratorium and suspension of foreclosure proceedings against the amount due The Peoples' Homestead & Savings Association on the mortgage hereinabove referred to, under Act 159 of the Legislature of Louisiana for 1934, which petition had not been finally passed upon but was still pending, which said petition for a moratorium acted as legal prohibition and injunction against holding said sheriff's sale.

"That there was no allegation in said petition nor proof made that the mortgage under which the above described proceedings were had and held, contained the pact de non alienando nor confession of judgment and that any proceedings against the property hereinabove described would necessarily have to be directed against the third possessor, your petitioner.

"That F. M. Durham fraudulently purchased said property at the sheriff's sale after having agreed and promised your petitioner that he would not bid or attempt to buy same in direct violation of the law."

Plaintiff further alleged that he had no legal knowledge or notice that any proceedings were pending involving his property and that he was not made a party to said proceedings, although defendant knew he was the owner in possession at the time the foreclosure proceedings were begun. He prayed that the order of ex-

ecutory process issued on May 20, 1935, be declared null and void and of no effect, as well as the writ of seizure and sale and adjudication made thereunder. Plaintiff further prayed that the clerk of the court be ordered to cancel and erase from the records of Ouachita parish the deed executed by the sheriff to F. M. Durham.

On proper pleadings and trial, plaintiff was granted a temporary injunction preventing Durham from taking possession of the property until final determination of this suit. We are not concerned with that now.

Defendants filed exceptions of no cause of action to plaintiff's petition, which exceptions were overruled by the lower court. They then answered denying the principal allegations of plaintiff's petition.

After trial below, there was judgment rejecting plaintiff's demands and he has appealed to this court.

■ We have not been favored with argument or brief by either counsel for appellees. Counsel for the homestead association appeared in court and announced that his client was not interested in the outcome of the case for the reason that if the sale were set aside, its mortgage would remain intact against the property. We find no fault with the position taken by counsel. Counsel for appellee, Durham, has made no appearance, either by argument or brief, and no explanation is offered for his inaction. This court has a great volume of business to handle and, in order to keep the docket up to date, it requires long hours of labor on the part of the court, and when a case is, so to speak, "dumped" into our laps without any assistance from counsel, we are required to spend unnecessary time and labor in reaching a decision. In a great many cases argument is unnecessary and often of little assistance to the court, and we never complain when a case is submitted on briefs, but we are certainly justified in expecting every counsel in a case to give the court what help he can. The least we can expect is that he file briefs, setting forth his contentions and citing the law upon which the contentions are based. If counsel were appellant, instead of appellee, we would consider the appeal as abandoned and dismiss it; since he represents the appellee, we cannot take this course. Counsel may have a legitimate excuse or rea-

son for his inaction, if so, the court should have been informed of it. It may have been due to inexperience, as we understand he is yet young in the practice, however, there are lawyers old in the practice in this circuit who are guilty of the same offense, and what we have said here is intended to apply, not only to the counsel in this case, but to apply generally to all lawyers of the circuit who expect this court to perform the services for their clients which they are paid to perform.

■ The evidence on which a decision on the merits was rendered consisted only of the executory process proceeding, which was case No. 24,280 on the docket of the Fourth judicial district court, including the original mortgage attached to the petition therein, the petition, writ of seizure and sale, return thereon, advertisement of the sheriff's sale, deed from Asa M. Cash to plaintiff, and admission that there was no other evidence presented to the court in case No. 24,280, other than the note and mortgage annexed to the petition. However, we are not concerned with the trial on the merits for the reason that the exception of no cause of action should have been sustained.

In the case of Miller v. People's Homestead & Savings Association, 161 So. 656, 657, this court quoted from Franek y. Brewster, 141 La. 1031, 76 So. 187–192, as follows:

" 'The only process afforded a defendant for arresting executory proceedings, on the complaint that there was not sufficient authentic evidence before the judge to authorize the issuance of his fiat, is by an appeal from the order of seizure and sale. And the only remedy for arresting executory proceedings, on grounds not disclosed by the proceedings, is by injunction.' "

However, there is an exception to this rule, as set out in the case of Viley v. Wall et al., 154 La. 221, 97 So. 409, 411, in which the court said:

"In support of the exception of no cause of action, defendants contend that, although the petition alleges that plaintiff did not learn of the proceedings for the foreclosure of the mortgage and sale of the property until a part of it had been sold, as to the portion covered by this suit it is alleged that plaintiff did know of said proceedings before the sale; and, having failed either to appeal from the

order of seizure and sale or to enjoin the same, he is now barred from and the petition discloses no cause of action for annulling the mortgage and sale; in other words, that the sole remedy in such proceedings is to appeal or enjoin.

"We have carefully examined the jurisprudence and have been unable to find any decision sustaining this view; nor have defendants cited any case so holding where the property had not passed out of the hands of the purchaser at such sale, and who was charged with knowledge of and participation in the fraud and conspiracy, or other nullities or illegalities upon which the same was attacked. On the other hand, our reports are full of cases where such suits have been brought and decided, in which the proceedings and sales under executory process have been assailed after the sale, and the rights of the parties determined by the merits of each case.

"Stapleton v. Butterfield, 34 La.Ann. 822; Tufts v. Beard, 9 La.Ann. 310; Farrell v. Klumpp, 13 La.Ann. 311; Germaine v. Mallerich, 31 La.Ann. 371; Killelea v. Barrett, 37 La.Ann. 865; Smith v. Brady, 37 La.Ann. 122; Bank v. Jorda's Heirs, 45 La.Ann. 184, 11 So. 876; Herber v. Thompson, 46 La.Ann. 186, 14 So. 504; Amato v. Ermann, 47 La.Ann. 967, 17 So. 505.

"It is true that the debtor is given the right to enjoin without bond proceedings under executory process by article 739 of the Code of Practice, upon the several grounds therein enumerated; but neither that article nor any other provision of law that we know of prevents him from attacking subsequently the sale upon the ground of fraud, where the rights of no third person have intervened. By resorting to the writ of injunction, he is able to prevent the property falling into the hands of innocent third persons, as to whom, otherwise, the order of seizure and sale affords protection. In the present case, however, the petition charges that the defendant, adjudicatee at the sale, was party to the fraud and conspiracy by and with the officers and directors who were charged with the protection of the corporate rights and property; that he (defendant) is a party interposed for some of them, and the effect, taking all of the allegations of the petition as true, is to say that the said officers have attempted illegally and fraudulently to vest in themselves the ownership of its property, and this suit assumes the nature of an action to compel them to restore the same to its true owner. We think, therefore, that the petition clearly discloses a cause of action."

Plaintiff's case, however, does not come within said exception. His petition clearly shows, in paragraph 3, subsections 8 and 10, that he had knowledge that the foreclosure proceedings were pending and that his property would be sold thereunder. Whether his petition would set out a cause of action if it did not disclose this fact is unnecessary to be passed on. The purchaser is not charged in the petition with fraud and is not charged with knowledge of any participation in any fraud or conspiracy, or of knowledge of any nullities or illegalities upon which plaintiff bases his attack. In subsection 10, article 3 of the plaintiff's petition, he sets out that F. M. Durham fraudulently purchased said property at sheriff's sale, after having agreed and promised petitioner that he would not bid or attempt to buy same. There is no allegation which constitutes fraud set out there. The property was sold at public auction and any one could have bought it in. If Durham had not, plaintiff in execution could have. There could not have been any actionable damage to plaintiff in Durham's purchase of the property at sheriff's sale. The most that can be said in this regard, if the allegation is true, is that Durham changed his mind and did not live up to his promise. His action did not constitute actionable fraud and the allegation is not sufficient to bring the case under the rule in Viley v. Wall, supra.

Under plaintiff's petition, his right was to take a suspensive appeal or to enjoin the sale, and it does not set out a cause of action to annul the sale. The purchaser, Durham, was, under the laws of this state, an innocent third purchaser and the order of seizure and sale under executory process affords him protection, and his rights as adjudicatee of the property at sheriff's sale cannot now be disturbed by the former owner of the property, under the allegations of his petition.

The judgment of the lower court on the merits is therefore set aside and the exception of no cause of action is now sustained and plaintiff's suit dismissed, at his costs, in both courts.