The judgment in this petitory action recognized plaintiff, Mrs. Lee Craig Levy, to be the true and lawful owner of a certain forty-five and one-half acre tract of land located in Natchitoches Parish and entitled to the full and undisturbed possession thereof, this being the relief for which she prayed, but it upheld to some extent the reconventional demands urged by defendant, Mrs. George Clemons; and from it plaintiff appeals.
Specifically, the latter was condemned to pay to defendant the sum of $500 "for improvements placed on said property, the plaintiff to elect whether to pay for the improvements or allow defendant to remove same"; and an additional payment to defendant of $100 was ordered, this being in reimbursement of funds previously paid by defendant's husband as a part consideration under his agreement to purchase five acres of the aforementioned tract.
No appearance in this court on behalf of appellee has been made. Her counsel has not even furnished a brief, in support of his contentions and the judgment rendered, to assist us in our deliberations, notwithstanding written requests for such were made both to him and to his client since submission of the case. A failure and refusal of this kind is greatly disfavored by this court and other appellate tribunals. Burden v. Peoples' Homestead Savings Association, La.App., 167 So. 487, Reeves-Morgan Funeral Home v. Morgan et al., La.App., 175 So. 154.
It appears from the record that in the latter part of the year 1921, defendant's husband, George Clemons, contracted for the purchase of the mentioned forty-five and one-half acre tract of land from J.S. Jolley, giving his three notes for $345.83 each under the arrangements entered into; and he constructed thereon a dwelling and other improvements costing approximately $600.
The promise and sale contract and the described three notes were abrogated and cancelled by the mutual written consent of those parties on March 31, 1927, and J.S. Jolley was declared to be the owner of the property. On the same date Jolley, by notarial act, sold and conveyed the entire tract, with the improvements thereon, to plaintiff's husband, Sam Levy.
At or about that time Levy agreed to sell to George Clemons the five acres thereof on which the dwelling house stood; and under the agreement and on August 16, 1929, Clemons paid to Levy the sum of $100. The cancelled check evidencing the payment carries the notation "to apply on purchase price five acres land * * * on Powhattan Highway". The balance due under the purchasing arrangement is not shown with certainty. Nothing more was paid and no deed in favor of Clemons ever issued. The five-acre parcel was possessed by Clemons until his death on February 5, 1940, and thereafter by his widow, the defendant in this petitory action.
In the probate proceedings involving the last will and testament of her husband *Page 442 
who died March 23, 1940, plaintiff was decreed to be the owner of the entire forty-five and one-half acre tract.
Defendant was not a good faith possessor of the five acres within the meaning and intendment of Civil Code, Article 3451. Undoubtedly she sincerely and seriously believed herself to be the master of the property, having lived thereon for many years; but she, to her own knowledge, held under no instrument translative of ownership, and, therefore, she possessed in legal bad faith. Civil Code, Article 3452; Vance et al. v. Sentell,178 La. 749, 152 So. 513; Ruth v. Buwe et al., 185 La. 204,168 So. 776; Guinea Realty Company, Inc., v. Battle et al., La.App.,1 So.2d 153.
Being a possessor in bad faith, defendant is entitled under the law, at the option of plaintiff, to remove the improvements placed on the premises since March 31, 1927, or be paid the value thereof. She has no interest in those constructed prior to that date, for it was then that her husband quitclaimed and relinquished all of his rights in the property to Jolley, and the latter sold and conveyed it to Sam Levy, plaintiff's husband.
According to our appreciation of the evidence, there was erected after that date a store building, a smoke house and a car shed. These cost respectively and approximately $100, $25 and $15. Their present values, in the order listed and considering their age and deteriorated condition, are $25, $10 and $5. Also, there were certain repairs made to the dwelling house; but the cost of these, as well as the $100 paid by Clemons under the purchasing agreement, is more than offset by the taxes paid by plaintiff's husband and by the rental value of the dwelling house and land during the period of more than twelve years.
Accordingly, for the reasons given, the judgment of the district court is affirmed to the extent that it decrees plaintiff to be the true and lawful owner of the forty-five and one-half acre tract of land involved herein and as such entitled to the full and undisturbed possession thereof. In all other respects it is reversed and set aside, and further judgment is now rendered as follows: Defendant is recognized as the owner of the store building, smoke house and car shed now located on said property, but plaintiff is granted the right of keeping them by paying to defendant, within thirty days after the finality of this decree, their above fixed values of $25, $10 and $5 respectively. In the event of plaintiff's failure to make such payment, a period of thirty days thereafter is allowed defendant to effect the removal thereof. Except as herein otherwise provided, the reconventional demands of defendant are rejected.
The costs of both courts shall be divided equally between plaintiff and defendant.