In this suit, plaintiff is seeking to recover for damages to his automobile allegedly arising out of a collision between his automobile and that of defendant. In his petition, he alleges that he is a resident of the State of Ohio. By alleging that defendant, Eddie L. Patton, is a non-resident of the State of Louisiana, being a resident of Kennard, Texas, plaintiff obtained a writ of attachment by virtue of which defendant's automobile was seized.
A motion to dissolve the writ of attachment was filed by the defendant, in which he sets out: (1) That the said automobile was exempt from seizure because it was a tool or instrument of his trade or profession; (2) that plaintiff, being a nonresident, could not avail himself of the writ of attachment; (3) that he, defendant, was a resident of the Parish of Calcasieu, and therefore his automobile could not be attached.
On trial of the motion, the District Judge held that the automobile of defendant was not exempt from seizure and that a nonresident plaintiff could avail himself of the writ of attachment, but held that the defendant had such a residence in this state *Page 586 
that would entitle him to a dissolution of the attachment and therefore rendered a judgment ordering the dissolution of the writ of attachment at plaintiff's costs. Plaintiff has appealed.
The evidence shows that prior to February 23, 1943, defendant was residing and domiciled in the State of Texas. On that date, the defendant secured employment in one of the defense plants in Calcasieu Parish and moved to this State, bringing with him his wife and child, together with all his belongings. He states that he and his family have made this Parish and State their home and that they expect to remain here permanently. He states that he was born and reared in Kennard, Texas, having moved therefrom in 1940; that he worked at different places since then, presumably in the State of Texas. On January 23, 1943, he paid his poll tax at Houston, Texas. He states that on February 24, 1943, he joined a local union at Lake Charles and states that he has a permanent position and expects to make this his permanent home. He admits, however, that he had to join the Union if he was to get employment and that he paid his poll tax in January, 1943, in order to vote in Texas in case he should be there at the time of an election.
It is shown that on August 30, 1943, two days prior to the accident, which was on September 1, 1943, and four days prior to the filing of the suit and the issuance of the writ, which was on September 3, 1943, defendant applied to a construction company for employment. In this application, defendant gave as his present address "Sulphur, Louisiana", and as his legal residence "Kennard, Texas". His employment terminated on September 7, 1943, on account of reduction of the force. Defendant signed the termination papers, on which appears the statement that his "legal voting address" is Kennard, Texas. Defendant admits that he gave the information thus contained to those questioning him, but contends that he understood it to be information about his former home and where he was from.
It appears that defendant was arrested and incarcerated on account of the collision. The deputy sheriff in charge of the jail testified that defendant told him at that time that his home was Kennard, Texas.
The plaintiff and his companion in the car, a Mr. Quinn, testified that immediately after the accident defendant acknowledged that his home was in Kennard, Texas. Thereafter defendant called at plaintiff's office, and again admitted that he lived in Texas and was going back to Texas after he quit his job.
In rebuttal, defendant denied the statements attributed to him by the deputy sheriff, the plaintiff, and Mr. Quinn, the companion of plaintiff, his contention being that he told them that he was from Texas, and not that he had his domicile or residence in Texas.
"The law now is that the intention to acquire a permanent residence in the state combined with the fact of residence, even for a short period, fixes the domicile here, and renders one's property not subject to attachment on the ground of non-residence." First Nat. Bank of Shreveport v. Pierson,176 La. 792, 146 So. 749, 750.
However, "The party who seeks to avail himself of a change of domicile bears the burden of proving it. So long as any reasonable doubt remains, the presumption is that it has not been changed. The domicile of origin continues until another is acquired, animo et facto." Succession of Simmons, 109 La. 1095, 34 So. 101, 102.
Again, "The question of domicile is one of intention as well as of fact, and where, as in this case, it appears that a domicile has been acquired in another state, the parties seeking to show that it has been changed to this state must overcome the legal presumption that it has not been changed by positive and satisfactory proof of the establishment of a domicile here as a matter of fact * * * and of abandoning the former domicile." First Nat. Bank v. Hinton et al., 123 La. 1018, 49 So. 692, 694.
These last two excerpts were approved in the case of Texana Oil Refining Co. v. Belchic, 150 La. 88, 90 So. 522, a case in which the validity of a writ of attachment, predicated on the alleged non-residence of the defendant, was challenged. See also Rappeport v. Patten, La.App., 3 So.2d 909.
In the case at bar, according to the defendant's own testimony, he was an itinerant laborer, seeking employment from 1940 to at least prior to February 23, 1943, in the State of Texas, having paid his poll tax at Houston on January 23, 1943, and without having acquired any other domicile *Page 587 
than the one at Kennard, Texas. He worked in Louisiana from February 23, 1943, to September 7, 1943, on different construction defense projects, all work of a temporary nature. The statements attributed to him by the Deputy Sheriff and the other witnesses are logical and reasonable and easily believable. The admissions that he made in the documents clearly show that his "domicile" was still Kennard, Texas, at the time of the issuance of the writ. It takes more than a mere temporary residence for a person to acquire a domicile in this State. The trial judge fell into error in deciding the case on the theory that the defendant was a resident of this State.
The burden of proof was on the defendant to establish by convincing and a preponderance of evidence an abandonment of his Texas domicile prior to the issuance of the attachment. This burden of proof has not been discharged.
Act No. 220 of 1932 provides that "in all suits * * * for a money judgment and the defendant is a non-resident of this State,or when the defendant is not domiciled in this State, * * *, the plaintiff shall have the right to sue out a writ of attachment against the defendant's property", etc. (Italics ours.) This act clearly extends the right of attachment so as to include the property of a defendant who is not domiciled in this state.
The defendant having failed to prove that he was domiciled in this State, the writ of attachment was properly issued and is well founded.
In so far as defendant's contention that the automobile is exempt from seizure, since we are of the opinion that he was not, at the time of the issuance of the writ, domiciled in this State, Article 644 of the Code of Practice is not available to him. See Lambeth v. Milton, 2 Rob. 81, and cases annotated thereunder.
As to defendant's contention that the plaintiff being a non-resident of this State cannot avail himself of the writ of attachment against another non-resident, this contention has already been adjudicated to the contrary. See Tyson v. Lansing,10 La. 444, and authorities cited thereunder.
For these reasons assigned, the judgment appealed from is reversed and set aside, the motion to dissolve the writ of attachment is overruled and the case is remanded for further proceedings according to law. Costs of the trial of such motion and of this appeal shall be paid by the defendant, all other costs to await the final determination of the case.