GLADNEY, Judge.
In this action plaintiff partnership sought to be declared the owner of a certain Ford truck alleged to be in the custody of the defendants, Ray A. Harvey and Joe D. Harvey. Alternatively, petitioner prayed for the value of the truck and damages for loss of its use. The truck was seized under a writ of judicial sequestration and remained in the possession of the court during the trial of the case. The defendants denied plaintiff’s claim of ownership, contending plaintiff loaned Joe D. Harvey a sum of money to obtain the release of the *480 truck from the Thrift Finance Company, Inc., and as security for the loan a certificate of title to the truck was endorsed and delivered to plaintiff. After trial, judgment was rendered in favor of plaintiff and against Joe D. Harvey, decreeing plaintiff to be the owner of the truck in question, but plaintiff’s demands against Ray A. Harvey were rejected. From the decree so rendered plaintiff appealed.
Appellant argues the judgment of the trial court erroneously rejected its demands against Ray A. Harvey. In brief it is also urged there should be judgment in favor of plaintiff and against Joe D. Harvey and Ray A. Harvey for $735.91, which sum plaintiff paid to the Thrift Finance Company, Inc., for a release of the mortgage on the truck. Appellant also asks the cause be remanded for further proceedings for the purpose of permitting plaintiff to prove that valuable parts of the truck were removed while it was in the wrongful possession of the defendants.
The truck in question, while owned by a partnership consisted of Joe D. Harvey and James D. Stephenson, was mortgaged with two other automobiles to the Thrift Finance Company, Inc., of Shreveport. C. S. Bray, a member of the plaintiff partnership, paid the finance company $735.91 on April 21, 1954, to release the Ford truck and two other automobiles subject to the mortgage. At the time, the defendant, Joe D. Harvey, executed an endorsement transferring the certificate of title then vested in the Stephenson Motor Company. Such an endorsement has the effect of transferring legal evidence of title. Joe D. Harvey testified, however, that no actual sale was made, but the certificate ■of title was executed for security purposes only. This was denied by plaintiff and •other evidence pertaining to the ownership of the vehicle was conflicting. The trial court decided the issue in favor of plaintiff, holding it to have legal title to the property.
Joe D. Harvey testified he had surrendered the possession of the truck to Ray A. Harvey in settlement of a debt. Ray A. Harvey did not testify nor dispute this contention. It was shown, however, that on various occasions the truck which had been surreptitiously obtained by Joe D. Harvey was placed in the possession of the defendant, Ray A. Harvey. These circumstances, we think, clearly justify a judgment protecting plaintiff against claim of ownership which might be asserted by Ray A. Harvey, and the judgment appealed should be reversed so as to afford this relief.
We find no merit in plaintiff’s claim for damages in the amount of $735.91. What plaintiff is asking for in addition to title to the truck is the price paid for the truck. He cannot have both, and, therefore, this demand of the plaintiff must be denied. Nor do we find any substantial evidence to support the demand of the plaintiff for rental of the truck during the period it was used without his consent.
In brief on the appeal plaintiff has pointed to evidence tending to show that while the truck was in the possession of defendants it was stripped of certain parts. The evidence reflects that Joe D. Harvey stripped and sold parts of the truck, but the value of the parts so removed was not proven. The demand so made is not covered by the pleadings and the evidence is insufficient to preserve the right for further relief.
The defendants have not filed a brief in support of their cause on this appeal. The failure of an appellee to support his cause by argument and brief is clearly disfavored by appellate courts. Burden v. Peoples Homestead & Savings Association, La.App.1936, 167 So. 478, 489; Levy v. Clemons, La.App.1941, 3 So.2d 440; Dealers Building Material Supply Company v. Campbell, La.App.1956, 89 So.2d 419, 420.
In accordance with our findings as here-inabove set forth, we are of the opinion *481 the judgment should he affirmed in all respects except as it applies to the defendant, Ray A. Harvey, and in this respect only it is reversed and rendered, being recast to read as follows:
It is ordered, adjudged and decreed that there be judgment in favor of Bray’s Cities Service, a partnership composed of Carl S. Bray and H. B. Bray, and against the defendants, Joe D. Harvey and Ray A. Harvey, recognizing the said Bray’s Cities Service to be the owner of that certain 1950 Ford 3/4 Ton Pick-Up truck, Serial and Motor number 98RD-438466. It is further ordered that plaintiff recover all costs of this suit, including cost of the appeal.
Affirmed in part and reversed in part.