## REEVES–MORGAN FUNERAL HOME, Inc., v. MORGAN et al.

### No. 5477.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1937.

George J. Ginsberg, of Alexandria, for appellants.

Frank H. Peterman, of Alexandria, for appellee:

HAMITER, Judge.

The material allegations of plaintiff's petition may be summarized as follows:

After its organization in April, 1935, plaintiff entered into an agreement with defendant Dixie Cooperative Insurance

Company, Inc., under which the latter guaranteed or underwrote burial insurance policies issued and sold by the former, and designated plaintiff the official funeral director of said insurance company. Defendant Fletcher A. Morgan was a stockholder and in the employ of plaintiff corporation and was its agent in selling such insurance policies to customers and patrons.

At a meeting held on July 27, 1936, an agreed severance of the aforementioned business relationship between plaintiff and the insurance company was effected. It was further agreed that plaintiff was to be allowed thirty days in which to contact policyholders obtained by it, and to transfer their policies to some other company to be selected. About that same time defendant Morgan terminated his employment with said plaintiff, transferred his stock in that company, and organized the Morgan Bros. Funeral Home. This latter organization then obtained from the insurance company the same kind of contract previously held by plaintiff and became its official funeral director.

Subsequently, the two defendants placed advertisements in newspapers to the effect that Morgan Bros. Funeral Home was the exclusive official funeral director in certain named parishes and that no other firm or person had any authority to write their burial insurance and collect their premiums. Using this advertisement as a basis for his representations, defendant Morgan, between July 27, 1936, and August 27, 1936, collected $350 in premiums that rightfully belonged to plaintiff. Also, defendants wrote letters to agents of plaintiff in an effort to hurt the latter's business, and false statements were made by defendant Morgan relative to its operations.

The above-mentioned allegations of plaintiff's petition are followed by a prayer for judgment against defendants in solido in the amount of $350 for the premiums alleged to have been illegally collected, and $5,000 for damages to plaintiff's business and reputation occasioned by the alleged libel and slander. Plaintiff also prayed for an injunction against defendants restraining them from further injuring its business.

Defendant Morgan, through his counsel, filed exceptions of no cause or right of action, of vagueness, of misjoinder of parties defendant, and of inconsistency of causes of action. He also filed a motion to elect. On behalf of the defendant insurance company there were submitted exceptions of no cause or right of action, of vagueness, of misjoinder of parties defendant, and of misjoinder of causes of action.

A supplemental and amended petition was tendered on behalf of plaintiff in which its agreement with defendant insurance company was alleged to have been a verbal one. Thereafter, plaintiff entered a voluntary nonsuit as to the defendant insurance company, reserving, however, all rights against the remaining defendant, Fletcher A. Morgan. By reason of this nonsuit the exceptions filed by the insurance company were dismissed.

A hearing was had on the exceptions and pleas tendered by defendant Morgan. All of them were overruled.

Defendant Morgan then answered, generally denying the allegations of plaintiff's petition, and particularly denying all liability.

At the conclusion of the trial of the case on its merits, plaintiff's counsel entered a remittitur of $3,500 on the libel and slander damage claim.

There was judgment in plaintiff's favor and against defendant Fletcher A. Morgan in the sum of $100, together with legal interest from date of judgment and all costs of suit. The written decree makes no mention of plaintiff's demand for an injunction. The court minutes, however, reveal that it was rejected.

Defendant Morgan appealed suspensively and devolutively from the aforementioned judgment. Plaintiff neither appealed nor has it filed answer to defendant's appeal.

In this court, counsel for appellant consumed almost his entire allotted time of forty minutes in orally arguing the case, and has submitted a written brief in which he asserts an erroneous ruling of the trial court on each of the exceptions and motions filed by him and on the merits, and urges a consideration by us of all such rulings.

Counsel for appellee has favored us with neither oral argument nor written brief. A practice of this character is not only not relished by an appellate court, but is also seriously disfavored and frowned upon by it. In the case of Burden v. Peoples' Homestead & Savings Ass'n, 167

So. 487, 489, we said: "Counsel for appellee, Durham, has made no appearance, either by argument or brief, and no explanation is offered for his inaction. This court has a great volume of business to handle and, in order to keep the docket up to date, it requires long hours of labor on the part of the court, and when a case is, so to speak, 'dumped' into our laps without any assistance from counsel, we are required to spend unnecessary time and labor in reaching a decision. In a great many cases argument is unnecessary and often of little assistance to the court, and we never complain when a case is submitted on briefs, but we are certainly justified in expecting every counsel in a case to give the court what help he can. The least we can expect is that he file briefs, setting forth his contentions and citing the law upon which the contentions are based."

With reference to the effect of an appellee's failure to file brief, American Jurisprudence, vol. 3, § 781, has this to say: "The rule now adhered to by the great weight of authority is that on the failure of the appellee or defendant in error to file a brief in support of the judgment below, the court may in its discretion reverse the judgment without considering the merits of the case, on the presumption that the appellant's objections are well taken, or may consider the case on its merits and reverse or affirm the judgment. The rule stated having been established for the benefit and assistance of the court, in order to relieve it of the burden of controverting the arguments and contentions advanced for reversal, it has been held that on the failure of the appellee to file a brief, the appellant is not entitled to a reversal as a matter of right, but that the court may, within its discretion, handle the matter in a manner most consonant with justice and its own convenience."

On this same subject we quote the following from Corpus Juris Secundum, Appeal and Error, Vol. 4, § 1314, par. b: "Generally, appellee's failure to file a brief is considered as equivalent to a confession of error, warranting, although not requiring, a reversal, and any doubt entertained by the reviewing court as to what disposition should be made of the case will be resolved against appellee. Accordingly appellant is not entitled to a reversal of the judgment as a matter of right. The rule is not declared in the interest of an appellant but for the protection of the court in order to relieve it of the burden of controverting the arguments and contentions advanced for reversal, and whether or not a case shall be reversed for such failure necessarily depends upon the sound judgment of the court as to the particular case then under consideration. In accordance with these rules, where on examination of the record and appellant's brief, it appears that a debatable issue is raised, or where appellant shows prima facie error, the judgment may be reversed, sometimes with directions, or the cause may be remanded for new trial."

Notwithstanding the absence herein of appellee's brief, we have considered the merits of the case. We arise from this consideration with a conviction that the record presents not only a debatable issue, but also that considerable doubt exists with reference to any liability on defendant's part. By reason of this, and under the circumstances of the case and the aforequoted principles of law, we have concluded to reverse the judgment of the trial court in so far as it condemned the said Fletcher A. Morgan, and to dismiss plaintiff's suit at its cost in both courts.

Accordingly, it is so ordered.

### Supplemental Opinion.

PER CURIAM.

Since the rendition of the decree herein, appropriate sworn pleadings have been filed which fully and satisfactorily disclose that the attorney listed as representing appellee had withdrawn from this case prior to the time of its hearing in this court, and that his withdrawal was justified.

It is our privilege to and we do hereby gladly modify our opinion and judgment to the extent of exonerating said attorney of any fault or dereliction of duty in connection with the matter, and make the observation that the decision is in no manner intended to reflect upon his conduct as a lawyer.