The Town of Ferriday, a municipal corporation domiciled in Concordia Parish, Louisiana, brings this action against Frank Smith, formerly a resident of that town but now residing in Natchez, Mississippi, to recover the sum of $200.
Plaintiff alleged that during the year 1940, defendant operated a saloon in Ferriday; that he paid only $200 of the license tax of $400 levied by the municipality on each business of that character; and that he refuses to pay the balance due of $200.
A writ of attachment issued in connection with the suit's filing, and under it certain property owned by him was seized.
Defendant answered denying generally the allegations of the petition. Affirmatively he averred that "the license tax sued on has been paid and settled in full under a compromise agreement with the Mayor of the Town of Ferriday, in compliance with an ordinance providing for compromise settlements, which ordinance defendant specifically pleads."
A trial of the merits was had, resulting in a judgment rejecting the demands of plaintiff, dissolving the writ of attachment, and dismissing the suit. Plaintiff appealed suspensively and devolutively.
Appellee has made no appearance in this court either through counsel or in proper person. No brief supporting his position in the controversy has been filed and this failure provides a situation that is exceedingly disfavored by an appellate court. Burden v. Peoples' Homestead and Savings Association, La.App., 167 So. 487; Reeves-Morgan Funeral Home v. Morgan et al., La.App., 175 So. 154.
The ordinance of the Town of Ferriday levying the alleged license tax of $400.00 is No. 86. It was adopted March 12, 1935, and provides:
"Section 1. Be it ordained by the Mayor and Board of Aldermen of the Town of Ferriday, Louisiana, in legal session convened, that any person, firm or corporation applying for permit to handle alcoholics *Page 107 
as listed in Section 1 of Ordinance No. 80, shall pay to the said Town of Ferriday a sum of $400.00 for the privilege of Retailing alcoholics as listed under Section 1 of Ordinance No. 80.
"Section 2. Be it further ordained by the Mayor and Board of Aldermen, that this ordinance voids, cancels and succeeds Section 2 of Ordinance No. 80, and that part of Ordinance No. 82 relative to the Retail Privilege License."
The referred to Sections 1 and 2 of Ordinance No. 80, passed December 8, 1933, read:
"Section 1. Be it ordained by the Mayor and Board of Aldermen of the Town of Ferriday, Concordia Parish, Louisiana, in legal session convened, that it shall be unlawful for any person, firm or corporation to sell or offer for sale, or to have in possession for sale, any intoxicating, spirituous, vinous or malt liquor for beverage purposes, containing more than 3.2% of alcohol by volume, without first obtaining from the Mayor and Secretary of the Town of Ferriday, Louisiana, a permit to engage in such business.
"Section 2. Be it further ordained, etc., that any person, firm or corporation applying for such permit shall pay to said Town of Ferriday a sum of $1200.00, which shall entitle such person to conduct such business in said Town, subject to the provisions of this Ordinance, for a period of one year."
The mentioned Ordinance No. 82, adopted March 9, 1934, recites:
"Be it ordained by the Mayor and Board of Aldermen of the Town of Ferriday, Louisiana, in legal session convened, that any person, firm or corporation applying for permit to handle alcoholics as listed in Section 1 of Ordinance No. 80, pay to said Town of Ferriday, Louisiana, a sum of $600.00, for the privilege of retailing alcoholics as listed under Section 1 of Ordinance No. 80, and the sum of $750.00 for a permit to Wholesale and Retail alcoholics as listed under Section 1 of Ordinance No. 80, and the sum of $250.00 for a permit to Wholesale alcoholics as listed under Section 1 of Ordinance No. 80, this permit entitles such person, firm or corporation to conduct such business in said Town, subject to the provisions of Ordinance No. 80, for a period of One (1) year.
"Be it further resolved, that the above resolution, void, cancel and succeed Section II, of Ordinance No. 80, passed on the 8th day of December, 1933."
The trial judge, according to his written opinion which is in the record, rejected the demands of plaintiff for the following reasons:
"It will be observed that Ordinances No. 80 and 82 of the Town of Ferriday, above quoted, fixes the amount of tax or permit charges for retailing whiskey and that both exceed the maximum amounts as authorized by law. Ordinance No. 86, purporting to amend and reinact Ordinances No. 80 and 82 or the portions thereof pertinent to the fees or taxes or permits, simply requires that one applying for permit to handle alcoholics, shall pay the sum of $400.00 for the privilege of retailing alcoholics. It is far from clear whether or not this charge is intended as a license tax, permit fee or both. Be it either or both, the ordinance, among other defects that might be mentioned, fails completely to fix any time limit or period for operation of the permits granted. It, moreover, `void and cancel' all that portion of the prior ordinances wherein a time limit was provided. Whether the fixed charge is intended for a month, quarter, year or perpetuity is a matter for conjecture. These defects make it impossible to determine whether or not the charges made are within the maximum amount per annum authorized by law.
"It is, therefore, the opinion of this court that the ordinance presented by the plaintiff as a basis of his suit, are insufficient to impose or enforce the collection of retail whiskey license."
Counsel for appellant first complains that the grounds on which the court's decision is based were not urged by defendant in his pleadings. It is unnecessary for us to consider this complaint because we are of the opinion that an erroneous construction of the quoted municipal laws has been given.
There is an elemental rule that the object of all interpretation of law is to reach the true intent and meaning of the lawmaking authority. With this principle in mind it is clear to us that Ordinance No. 86 merely reduced the retail license of $600, established by Ordinance No. 82, to the sum of $400, and that it made no change in the already designated duration period of one year.
Ordinance No. 82, quoted above, provides for issuance of a retail permit for $600, a wholesale permit for $250, and a wholesale and retail permit for $750. Then it *Page 108 
states that this permit (meaning whichever of the three that is obtained) entitles the holder to conduct the appropriate business for a period of one year.
The later ordinance, being No. 86, requires the payment of $400 for the retail permit, and it ordains the cancellation of "that part of Ordinance No. 82 relative to the Retail Privilege License." It makes no reference to and effects no change whatever in the wholesale and retail permit or the wholesale permit. Furthermore, the single provision of Ordinance No. 82 which fixes a duration period of one year for each of the three permits is not mentioned. In view of this, it must be said that Ordinance No. 86 purposed only to cause a reduction of the required retail license payment and did not contemplate a disturbance of its previously ordained time limit. Certainly logic and sound reasoning would not support an act of the town council of abolishing the duration period as to one permit and leaving unchanged that of each of the other two.
Defendant did not offer in evidence, in support of his specially pleaded affirmative defense, the ordinance of the town that allegedly authorized the Mayor to compromise the disputed claim. His counsel did, during the course of the trial, move the court to order plaintiff to produce instanter its ordinance books for the last eight years. To this plaintiff objected "on the ground that the motion is irregular; that there is no known form of law under which the court could grant such a motion." The judge did not order production of the books as defendant moved; he merely ruled: "I think the defendant has a right to show the authority of this man to make the compromise."
In his written opinion, the trial judge commented:
"Defendant, as aforesaid, alleges the existence of such an ordinance among plaintiff's public records, and a demand for their production was refused by plaintiff, as aforesaid. Plaintiff neither denied nor affirmed the existence of such, but simply refused to produce the records without a subpoena therefor.
"In the opinion of this court, the records of the ordinances and resolutions of the plaintiff town are public records, and the defendant has the right to examine and to make copies and photographs thereof for the purpose of evidence, and the exercise of this right requires no writ or court order. In fact, a refusal of this right, to a proper applicant, is now made a crime under Louisiana law, under the circumstances here present. It is the opinion of this court that parol testimony should be admissible as proof of the existence of such an ordinance, under the circumstances as here presented.
"But further discussion of the competency and admissibility of this particular evidence is made unnecessary by another and more vital question arising, * * *."
The evidence does not disclose that defendant was refused the right to make copies of the Town's Ordinances. The objection voiced by plaintiff's counsel during the trial concerned only the procedure by which defendant was then seeking to obtain production of the books. But be that as it may, if parol testimony was admissible to prove the alleged ordinance, as the court opined, no proof of that character was offered.
It is not disputed, in fact the evidence conclusively shows, that defendant conducted a retail saloon business in the Town of Ferriday during the year 1940. For this privilege the payment of $400, to the municipality was necessary. He paid only one-half of that amount.
Therefore, the judgment of the district court is reversed and set aside, and there is now judgment in favor of plaintiff, Town of Ferriday, and against defendant, Frank Smith, in the full sum of $200 with five percent (5%) per annum interest thereon from judicial demand until paid and for all costs of the suit. It is further ordered that the writ of attachment issued herein be maintained, and that out of the proceeds of the sale of the attached property plaintiff's judgment be paid by preference and priority over all other creditors.
DREW and TALIAFERRO, JJ., concur. *Page 109